**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**EDWARD JONES,**
**Plaintiff,**

**v.** **CIVIL ACTION NO. 16-11666-LTS**

**COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY, DANIEL BENNETT, DEPARTMENT OF CORRECTION, CAROL HIGGINS-O'BRIEN, THOMAS TURCO, CHRISTOPHER FALLON, LISA MITCHELL, DOUGLAS BOWER, MICHAEL DEVINE, JOHN F. CAMELO, SCOTT J. STEEVER, HANK L. LAVALLEY, MARTA LEON, MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTH, NEIL NORCLIFFE, and TODD DERBYSHIRE.**

**Defendants.**

**MEMORANDUM AND ORDER**

**SOROKIN, D.J.**

For the reasons stated below, the Court will deny the renewed motion to proceed *in forma pauperis*, deny without prejudice the motion for appointment of counsel, and order the plaintiff to file an amended complaint within 28 days of the date of the entry of this Memorandum and Order.

## I. Introduction

On August 19, 2016, *pro se* prisoner plaintiff Edward Jones filed a voluminous complaint against three groups of defendants: (1) the Commonwealth of Massachusetts, Department of Corrections, the Executive Office of Public Safety (collectively, the "Commonwealth Entity Defendants"); (2) Daniel Bennett, Carol Higgins-O'Brien, Thomas Turco, Christopher Fallon, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Hank Lavalley,

Marta Leon (collectively, the "Commonwealth Personnel Defendants"); and, (3) the Massachusetts Partnership for Correctional Health, Neil Norcliffe and Todd Derbyshire (collectively, the "Medical Defendants"). The 95-page complaint consists of 273 paragraphs and nine counts. Attached to the complaint are 142 pages of exhibits. Plaintiff alleges numerous causes of action both state (pendant) and federal claims, relating to failure to protect, retaliation, loss of good time credit, inadequate medical care, due process violations relating to disciplinary hearing, infliction of emotional distress, conspiracy, violations of statutes relating to the protection of the mentally ill and the Americans with Disabilities Act. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis.* (ECF No. 2), a motion for an order for access to plaintiff's institutional savings account funds (ECF No. 3), and a motion for appointment of counsel (ECF No. 4).

On August 24, 2016, this Court issued an Order (ECF No. 7) denying without prejudice plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) and denying the motion for an order for access to plaintiff's institutional savings account funds (ECF No. 3). Plaintiff was directed to either pay the filing and administrative fee within 28 days, or file a renewed motion for leave to proceed *in forma pauperis*, specifying what steps he has taken to obtain funds from whatever financial sources he may have. On September 6, 2016, plaintiff filed a renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8).

## II. Discussion

### A. Plaintiff's Renewed Motion for Leave to File In Forma Pauperis

Upon review of plaintiff's renewed financial affidavit and his prison account statement, this Court finds that plaintiff has insufficient funds in his prison personal account, but he reports

$550.97 in his prison savings account. It is still unclear whether plaintiff can obtain access to these funds for payment of the filing fee.

Accordingly, plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is DENIED. Within 28 days of the date of this Memorandum and Order, plaintiff shall pay the $400.00 filing fee or this action shall be dismissed without prejudice. Plaintiff may seek reconsideration of the denial of his *in forma pauperis* motion within the 28-day period, but only if he cannot pay the filing fee from his savings account.

**B. Plaintiff's Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel (ECF No. 4) is DENIED without prejudice. The Court may request an attorney to represent plaintiff if it finds that: (1) plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). Until the filing fee issue is resolved, and the complaint is amended and screened, it is premature for the Court to decide whether to request counsel appear on plaintiff's behalf in this matter. The Court may consider appointment of counsel later in this litigation once the disputed issues have become clear. Accordingly, plaintiff's motion for appointment of counsel (ECF No. 4) is DENIED without prejudice to the plaintiff filing a renewed motion if summonses are eventually issued in this action.

**C. Preliminary Screening of the Complaint**

Because plaintiff is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a

governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A. In connection with this preliminary screening, plaintiff's *pro se* Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Even under a broad reading, however, the complaint is deficient for the reasons set forth below, among others, and the plaintiff will be afforded an opportunity to amend his complaint.

### 1. The Complaint Fails to Comply with Basic Pleading Requirements of the Federal Rules of Civil Procedure and is Substantively Deficient.

In its present form, plaintiff's Complaint materially fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Moreover, as the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

Here, plaintiff combines several different causes of action against multiple defendants. He mixes both federal claims and state claims in single counts. Thus, it is unclear what legal claims he asserts against which defendants, making it difficult for the defendants to file a meaningful response. While plaintiff has attempted to cull out his claims and causes of action, he has not done so sufficiently. In fact, much of the Complaint consists essentially of a chronology of events, along with extraneous observations. Although this Court recognizes that plaintiff might state some plausible claims, the case cannot proceed as pleaded. By asserting his claims collectively against the defendants, and by failing to provide underlying factual support for liability for each cause of action asserted, plaintiff fails to comply with Rule 8. See Bagheri v. Galligan, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished decision finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy

notice pleading standards."); see also Atuahene v. City of Hartford, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2d Cir. 2001) (unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard . . . . ").

The Court reviews the individual counts as follows:

**a. Counts I, II, III, IV and V - Violation of 42 U.S.C. §§ 1981, 1983 and 1985.[1]**

Plaintiff's first five counts are claims relating to the alleged violation of plaintiff's civil rights. In each of these counts he brings claims against some or all of the Commonwealth Entity Defendants and Commonwealth Personnel Defendants, which necessarily raises the issue of sovereign immunity under the Eleventh Amendment to the United States Constitution. It is well-settled that the Eleventh Amendment bars suits against an unconsenting state brought by its own citizens as well as by citizens of another state. Pennhurst State Sch.& Hosp. v. Halderman, 465 U.S. 89, 100 (1984). See Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978)). In other words, "[t]he Eleventh Amendment bars actions in federal courts claiming damages against a state and its agencies unless the state has consented to be sued in federal court." Boulais v. Commonwealth of Mass., 2002 WL 225936 at *1 (D. Mass. 2002) (citations omitted); see Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Kentucky, 473 U.S. at 167 n.14 (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."). In this case, plaintiff has not set forth any basis to conclude that a waiver of sovereign

[1] Plaintiff's counts also recite state statutes and regulations. To the extent that the plaintiff seeks separate state causes of action he will need to bring separate counts and, in light of the need for amendment of the complaint, these statutory and regulatory references are not reviewed here.

immunity applies to the Commonwealth Entity Defendants. This is true with respect to claims for civil rights violations brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983).[2]

As an additional matter, the Eleventh Amendment also extends to confer immunity from suit upon state officials when "the State is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . . " Pennhurst State Sch. & Hosp., 465 U.S. at 101-102, n. 11; see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office) accord Hafer v. Melo, 502 U.S. 21, 25 (1991) (same). Here, plaintiff has not distinguished clearly his claims against the Commonwealth Personnel Defendants based on their personal or official capacities. Nevertheless, to the extent that plaintiff seeks monetary relief from any of the Commonwealth Personnel Defendants for actions taken in his or her "official" capacity, the claims are not cognizable. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). [3]

[2] Moreover, the Commonwealth or its agencies or instrumentalities are not "persons" within the meaning of 42 U.S.C. § 1983.

[3] While not entirely clear, it appears that plaintiff also seeks, in part, to hold several of the individual defendants liable for civil rights violations under 42 U.S.C. § 1983 based on their supervisory and official positions and for actions or inactions of employees. These types of claims fail because the legal theory of *respondeat superior* is not applicable to civil rights claims under § 1983. "It is well-established that 'only those individuals who participated in the conduct

Accordingly, counts I, II, III, IV and V are subject to dismissal against the Commonwealth Entity Defendants. Furthermore, all claims against any Commonwealth Personnel Defendants for monetary damages for actions taken in their official capacities are likewise subject to dismissal. Defendant Massachusetts Partnership for Correctional Health is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. To the extent any claims could survive against other defendants, the plaintiff will need to amend his complaint to comply with Rule 8.

**b. Count VI - Negligence**

Claims made in this count against any of Commonwealth Entity Defendants, and Commonwealth Personnel Defendants in their official capacities for monetary damages are barred by sovereign immunity and are subject to dismissal, for the reasons set forth in Part II(C)(1)(a), *supra*. Moreover, claims the Commonwealth Personnel Defendants in their individual capacities are barred. Pursuant to the Massachusetts Torts Claims Act, Mass. Gen. Laws ch. 258, § 2, "no ... public employee ... shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment[.]" Jaundoo v. Clarke, 690 F. Supp. 2d 20, 29 (D. Mass. 2010)(citing *Martinez v. Wolferseder,* 997 F.Supp. 192, 195 (D.Mass.1998). As to any remaining claims in this count, the plaintiff will need to amend his complaint to comply with Rule 8.

---

that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). In the absence of personal involvement, a supervisor is liable for the acts of a subordinate only if (1) the subordinate's behavior results in a constitutional violation and (2) the supervisor's action was "affirmatively linked" to the behavior only in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference. Hegarty v. Somerset County, 53F. 3d 1367, 1379-1380 (1st Cir. 1995).

**c. <u>Count VII - Intentional Infliction of Emotional Distress</u>**

Claims made in this count against any of Commonwealth Entity Defendants and Commonwealth Personnel Defendants in their official capacities for monetary damages are barred by sovereign immunity and are subject to dismissal, for the reasons set forth in Part II(C)(1)(a), *supra*. As to any remaining defendants, however, this count suffers from Rule 8 deficiencies. Specifically, among other things, the count lumps together different defendants and claims making it difficult to discern the contours of the claim.

**d. Count VIII - 42 U.S.C § 10801-10851 Violation of Congressional Findings and Statement of Purpose for Individuals with Disabilities and Count IX - 42 U.S.C. §12131 Violation of <u>Americans with Disabilities Act.</u>**

Plaintiff adds two conclusory counts at the end of the complaint. They are not properly pleaded under Rule 8. Specifically, among other things, the claims against multiple defendants are overly broad and lumped together. To the extent the plaintiff seeks to assert these claims he must amend the complaint.

**2. <u>Order to File an Amended Complaint</u>**

In light of the above, if plaintiff wishes to proceed in this matter, in addition to paying the filing fee, he must file, within 28 days of the date of this Memorandum and Order, an Amended Complaint curing the substantive and pleading deficiencies and setting forth plausible claims upon which relief may be granted. In preparing the amended complaint, plaintiff should not reiterate his allegations or set forth his claims in chronological, narrative paragraphs, nor should he include names of individuals that do not have any direct involvement with his legal claims against the named defendants. His amended complaint should focus on the legal claims against each

defendant, and the basis for such claims. In other words, plaintiff should set forth minimal facts as to who did what to whom, when, where, and why. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant separately. He also should not assert multiple causes of action against a defendant in one count; he should identify separately each cause of action and the grounds therefore. Further, plaintiff should distinguish those claims based on action or inaction in an individual capacity from those based action or inaction in an official capacity. With respect to exhibits, plaintiff may submit exhibits in support of his Amended Complaint, but is not required to do so. He may refer to exhibits previously filed with his Complaint, but he cannot rely on the exhibits to constitute his allegations; these must be set forth in the Amended Complaint itself. Finally, plaintiff should amend his complaint mindful of the legal impediments discussed herein.

In order to facilitate the filing of an amended complaint that comports with the above directives, the Court suggests, but does not require, that plaintiff use the template attached to this Memorandum and Order, as Appendix "A."

## III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is DENIED. Within 28 days of the date of this Memorandum and Order, plaintiff shall pay the $400.00 filing fee or this action shall be dismissed without prejudice. Plaintiff may seek reconsideration of the denial of his *in forma pauperis* motion within the 28-day period, if he cannot pay the filing fee from his prison savings account.

2. Plaintiff's motion for appointment of counsel (ECF No. 4) is DENIED without prejudice to the plaintiff filing a renewed motion if summonses are eventually issued in this action.

3. Within 28 days of the date of this Memorandum and Order, Plaintiff shall file an Amended Complaint curing the substantive deficiencies and pleading deficiencies in accordance with Rule 8 of the Federal Rules of Civil Procedure.

4. Failure to comply with this Order will likely result in the dismissal of this action.

SO ORDERED.
DATED: October 12, 2016

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

# APPENDIX "A"

| NAME OF DEFENDANT (specify if sued in individual and/or official capacity) | LEGAL THEORY OF LIABILITY (e.g., 42 U.S.C. § 1983; negligence, intentional infliction of emotional distress, etc.) | DATE AND PLACE OF THE ALLEGED WRONGFUL ACTION | BRIEF DESCRIPTION OF UNDERLYING FACTS SURROUNDING THE ALLEGED EVENT | TYPE OF RELIEF SOUGHT (e.g., compensatory damages, punitive damages, injunctive relief, etc.) |
|---|---|---|---|---|
| EXAMPLE: John Doe #1 | negligence | Boston, MA; 1/1/16 | defendant drove through a red light and hit my car causing me personal injuries | money damages to compensate my pain and suffering and lost wages |
| EXAMPLE John Doe #1 | defamation | Boston, MA; 1/2/16 | defendant told a third party I was driving drunk before the accident | money damages |
| EXAMPLE Jane Doe #1 | breach of contract | Lenox, MA; 1/1/2015, | defendant failed to repair the bicycle I purchased from him | I want a new bicycle or an order for the bicycle to be repaired |