UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD JONES,
        Plaintiff,

v.    CIVIL ACTION NO. 16-11666-LTS

CAROL HIGGINS-O'BRIEN, LISA MITCHELL,
DOUGLAS BOWER, MICHAEL DEVINE,
JOHN F. CAMELO, SCOTT J. STEEVER,
MARTA LEON, NEIL NORCLIFFE, and
TODD DERBYSHIRE.

        Defendants.

## MEMORANDUM AND ORDER

**SOROKIN, D.J.**

For the reasons stated below, the Court will allow the motion for waiver of service fees, dismiss parties no longer named in the action, dismiss *sua sponte* portions of the amended complaint, and issues summonses as to all of the defendants as to the remainder of the claims set forth in the amended complaint.

I. **Introduction**

On October 12, 2016, the Court ordered the plaintiff to file an amended complaint. ECF No. 9. On November 18, 2016, plaintiff timely filed an amended complaint, reducing the number of defendants and claims. ECF No. 17. Plaintiff now brings six counts against defendants Carol Higgins-O'Brien, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon, Neil Norcliffe, and Todd Derbyshire. Along with his amended complaint, plaintiff filed a motion for waiver of service fees. ECF No. 18.

**II.    Discussion**

    **A.    Plaintiff's Motion for Waiver of Service Fees**

Upon review of plaintiff's previous financial affidavits and his prison account statements, ECF Nos. 2 and 8, this Court finds that plaintiff has insufficient funds in his prison personal account to pay the cost of service. Accordingly, plaintiff's motion for waiver of service fees, ECF No. 18, is ALLOWED, but only to the extent that fees for service of the amended complaint and summonses by the U.S. Marshal Service are advanced as set forth in this Order.

    **B.    Preliminary Screening of the Amended Complaint**

Plaintiff has paid the $400 filing fee. ECF No. 16. Because plaintiff is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b). In connection with this preliminary screening, plaintiff's *pro se* amended complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

      **1.**      **Claims Against Defendants Department of Correction, Executive Office of Public Safety, Daniel Bennet, Thomas Turco, Christopher Fallon, Hank L. Lavalley, Massachusetts Partnership for Correctional Health, and the Commonwealth of Massachusetts are Dismissed without Prejudice.**

The amended complaint no longer names defendants Department of Correction, Executive Office of Public Safety, Daniel Bennet, Thomas Turco, Christopher Fallon, Hank L. Lavalley, Massachusetts Partnership for Correctional Health, and the Commonwealth of Massachusetts. Accordingly, these parties are <u>DISMISSED</u> without prejudice. <u>See</u> <u>Arvanitis v. Massachusetts Dep't of Correction</u>, No. CIV.A. 2010-10213, 2011 WL 1344531, at *1 (D. Mass. Jan. 18, 2011), <u>report and recommendation adopted,</u> No. 1:10-CV-10213, 2011 WL 1367055 (D. Mass. Feb. 22, 2011)(Casper, J.).

      **2.**      **Official Capacity Claims against Carol Higgins-O'Brien, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon in Counts I, II, and IV for Monetary Relief are Barred by Eleventh Amendment Immunity.**

It is well-settled that the Eleventh Amendment bars suits in federal courts against an unconsenting state brought by its own citizens as well as by citizens of another state. <u>Pennhurst State Sch.& Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). As an additional matter, the Eleventh Amendment also extends to confer immunity from suit upon state officials when "the State is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . . " <u>Pennhurst State Sch. & Hosp.</u>, 465 U.S. at 101-102, n. 11; <u>see</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). To the extent that plaintiff seeks monetary relief from Carol Higgins-O'Brien, Lisa Mitchell, Douglas

3

Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon on these counts for actions taken in his or her "official" capacity, the claims are not cognizable under 42 U.S.C. §1983. Accordingly, all claims against defendants Carol Higgins-O'Brien, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon only for monetary damages for actions taken in their <u>official</u> capacities in Counts I, II, and IV and are <u>DISMISSED</u>. Plaintiff's remaining <u>official</u> capacity claims against defendants Neil Norcliffe, and Todd Derbyshire and <u>individual</u> capacity claims against all defendants on these counts are <u>not</u> dismissed. See <u>Leavitt v. Correctional Medical Services, Inc.</u> 645 F.3d 484, 504 and n.30 (2011)

      **C.**      **<u>Summonses shall Issue as to the Remaining Claims</u>**

Summonses shall issue as to defendants Carol Higgins-O'Brien, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon, Neil Norcliffe, and Todd Derbyshire subject to the limitations of this Memorandum and Order in Part II(B)(2), <u>supra</u>.

**III.**    **Conclusion and Order**

Based on the foregoing, it is hereby Ordered that:

    1.    All claims against Department of Correction, Executive Office of Public Safety, Daniel Bennet, Thomas Turco, Christopher Fallon, Hank L. Lavalley, Massachusetts Partnership for Correctional Health, and the Commonwealth of Massachusetts are <u>DISMISSED</u> without prejudice.

    2.    Plaintiff's Motion for Waiver of Fees and Service by U.S. Marshal (ECF No. 18) is <u>ALLOWED</u>, but only to the extent that fees for service of the amended complaint and summonses by the U.S. Marshal are advanced as set forth in this Order.

    3.    The Clerk shall issue summonses for service of the amended complaint on

defendants Carol Higgins-O'Brien, Lisa Mitchell, Douglas Bower, Michael Devine, John F. Camelo, Scott J. Steever, Marta Leon, Neil Norcliffe, and Todd Derbyshire, subject to the substantive limitations set forth in this Memorandum and Order (*i.e.* dismissed official capacity claims in Part II(B)(2), supra.)

.     4.     The Clerk shall send the summonses, amended complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summonses, complaint, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information.   Plaintiff shall have 90 days from the date of this Order to complete service.

**SO ORDERED.**

DATED: January 13, 2017              /s/ Leo T. Sorokin
                                     LEO T. SOROKIN
                                     UNITED STATES DISTRICT JUDGE