UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2019 MAR -1 PM 12:08
U.S. DISTRICT COURT
DISTRICT OF MASS.

EDWARD JONES,

    PLAINTIFF,

v.

LISA MITCHELL, MICHAEL DEVINE,
and, JOHN F. CAMELO,

    DEFENDANT(S).

CIVIL ACTION NO.
16-11666LTS

## PLAINTIFF'S MOTION IN OPPOSITION, TO COURTS' PERMISSION FOR COUNSEL TO WITHDRAW; AND REQUEST FOR "EX-PARTE HEARING", PRIOR TO COURTS' DECISION FOR COUNSEL TO WITHDRAW BEING GRANTED

Now comes the Plaintiff, Edward Jones, in the above entitled action and moves this Honorable Court for an "Ex-Parte" Hearing in the motion/proceeding involving Court appointed counsels' "Motion To Withdraw".

The reason an "Ex-Parte" hearing is required, Is

because Plaintiff oppose of the Court granting Counsel permission to withdraw from this case.

Plaintiff succinctly state. There are circumstances involving stages of this case the Court needs to consider prior to any decision being made allowing Counsel permission to withdraw. Circumstances being referred to in this Motion, are for the Courts knowledge only; that, has specifically brought Court appointed Counsel and Plaintiff, to a point of confusion, bordering on coercion, and, a failure to seek truthful discovery. Some of which circumstances, requires the Court to consider the actions of opposing Counsel; and, reasons for such actions of opposing Counsel.

Plaintiff, herein, state further, that to allow Court appointed counsel. Permission to withdraw at this stage of the case. Will deprive Plaintiff of a meaningful opportunity. To implicate applications of Court procedures and rules strategically. In resolving claims in accordance with timely judicial fashion.

An "Ex-Parte", "In-Camera", hearing before the

Court can, and will, allow the Court to resolve the dispute between Plaintiff and Court appointed Counsel. It is the Plaintiffs' position that there are other forms of resolutions; besides allowing Court appointed counsel permission to withdraw, and, appointing new counsel. One of those options, is to appoint Court appointed counsel, as a "Stand-By Counsel".

It is also up to the Court to decide whether or not, Court appointed counsels' reasons for wanting to withdraw, is sufficient. It is the Plaintiffs' position, that, it is not.

Wherefore, Plaintiff, moves this Honorable Court to conduct an "Ex-Parte", "In-Camera", hearing. With Plaintiff, and Court appointed counsel, that, would afford Plaintiff to present meaningful evidence. Why Court should consider other options, other than withdrawal of Counsel.

Dated: 2-26-19

Respectfully Submitted,
Edward James (W-102323)
O.C.C.C.
1 Administration Road
Bridgewater, Mass 02324

Page #3 of 3