UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD T. JONES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-11666-LTS |
| COMMONWEALTH OF MASSACHUSETTS, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER

April 18, 2019

SOROKIN, J.

Pending before the Court are a motion by Mr. Jones's lawyers to withdraw, Doc. No. 101, and two motions by Mr. Jones regarding additional depositions he wishes to take, Doc. Nos. 109, 119.  Additionally, the parties have notified the Court of a number of disputes regarding paper discovery which Mr. Jones seeks and to which the defendants object.  Doc. No. 117.  The Court hereby resolves each of these matters.

I.    Motion to Withdraw

For the reasons discussed at the hearing held on March 21, 2019, the motion by Mr. Jones's attorneys to withdraw, Doc. No. 101, is ALLOWED.  Robinson & Cole is hereby appointed as standby counsel to Mr. Jones, which includes only the following responsibilities: 1) file documents on ECF for Mr. Jones if he wishes, 2) arrange all depositions he is permitted to take, 3) attend each deposition to provide Mr. Jones legal advice if he wishes, (but Robinson & Cole is not required to ask any questions at any of the depositions), 4) serve as custodian of all

discovery received and arrange times for Mr. Jones to view it, and 5) attend any other proceedings to provide Mr. Jones with legal advice if he so requests or the Court specifically directs.

II.     Motions Regarding Depositions

Mr. Jones seeks to reopen the deposition of Vanessa Martino-Fleming.  Doc. No. 109.  That motion is ALLOWED IN PART.  No live deposition will take place.  However, Ms. Martino-Fleming is hereby ordered to provide, in writing and under oath, a response to the following inquiry.  For each inter-facility conference call in which she participated in September 2015, during which any one of the remaining defendants participated and during which Mr. Jones was discussed in any way, Ms. Martino-Fleming shall provide (to the extent that she knows) the date of such call, the names and titles of each participant, and the substance of any information or discussion that was stated or shared with regard to the possibility that Vernon Thompson might pose a possible risk of harm to Mr. Jones.  This response shall be subject to the protective order and provided to DOC counsel for the defendants and to Robinson & Cole, who shall make it available to Mr. Jones.  Ms. Martino-Fleming shall provide this response within fourteen days of the date of this Order.

Mr. Jones also seeks to take the deposition of Officer Matthew O'Neill.  Doc. No. 114 at 6.  This motion is ALLOWED, as this deposition was noticed before the close of discovery.  Mr. Jones shall ask the questions at this deposition.  Robinson & Cole shall attend as standby counsel to provide Mr. Jones with legal advice, if he wishes.  Robinson & Cole may, but is not required to, ask questions at the deposition.  Mr. Jones is reminded that the focus of the deposition is the sole remaining claim for failure to protect, arising under both the federal and state constitutions.

Mr. Jones also seeks to depose Officer Scott Silva and Officer Alexander Adorno. Doc. No. 119. This motion is DENIED because these depositions were not noticed until after the close of discovery. Additionally, Mr. Jones's motion is conclusory and does not explain the relevance of these depositions to the sole remaining claim. Mr. Jones may seek reconsideration within fourteen days of the date of this Order by explaining the relevance of the evidence he seeks to obtain from these two witnesses to the only claims still pending before the Court – that the remaining defendants violated his rights under the Eighth Amendment and Article 26 of the Massachusetts Declaration of Rights by failing to protect him from a substantial risk of serious harm from a specific other inmate in the form of his constant sexual harassment. Doc. No. 73 at 9-10.

III.     Paper Discovery

The discovery requested by Mr. Jones which appears in the joint status report, Doc. No. 117, remains under advisement. The defendants object in the status report by referring the Court to the "Defendants' Responses to Production of Documents." See id. at 3-4. Within seven days, the defendants shall file those documents to which they refer or provide an ECF docket citation.

IV.     CONCLUSION

The motion to withdraw, Doc. No. 101 is ALLOWED, and Robinson & Cole is appointed as standby counsel, as discussed in this Order.

The motion to take deposition from Vanessa Martino-Fleming, Doc. No. 109 is ALLOWED IN PART. Ms. Martino-Fleming must provide her written, under oath response to counsel for the defendants and to Robinson & Cole within fourteen days of the date of this Order.

The motion to take depositions from Scott Silva and Alexander Adorno, Doc. No. 119, is DENIED.  If Mr. Jones seeks reconsideration, he shall do so within fourteen days of the date of this Order.

The deposition of Officer O'Neill may go forward as discussed in this order.

The paper discovery Mr. Jones requests remains under advisement.  The defendants shall file those documents to which they refer in the joint status report or provide an ECF docket citation within seven days of the date of this Order.

Mr. Jones's request for an ex parte hearing, Doc. No. 104, is terminated as moot, in light of the proceedings held in Court on March 21, 2019.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge