Mr. Eduard Jones (W-102323)
O.C.C.C.
1 Administration Road
Bridgewater, Mass 02324

Attention: Justice, Mr. Leo T. Sorokin
United States District Court
United States Courthouse
1 Courthouse Way
Boston, Mass 02210

           Re: Sealed Hearing Violation OF
           J. Sorokin 3-21-19 Order/
           Bad Faith Opposition...

Date: 4-15-19

Dear Honorable Justice, Sorokin,
   My name is Eduard Jones, and I am the Plaintiff in Case No. 11666-LTS.
   On March 21, 2019 I had the opportunity to meet you personally.
   At that time. In an attempt to keep defense uninvolved in a controversy between me and my Court appointed counsel. You "asked defense counsel to step out, sealed the Courtroom and placed the DOC guards under protective order regarding the contents of the hearing" (See Document Number 107- attached as Exhibit #A).
   On or about April 13, 2019. I discovered that certain, and particular, "contents of the hearing" arising from such "sealed hearing held on March 21, 2019 before Judge Leo T. Sorokin. Court Reporter

Page #1 of 4

Name and Contact Information: Cheryl Dahlstrom at CherylDahlstrom@yahoo.com (Scalfani Deborah)" (See Document Number: 111 Docket Text Sealed Transcript... attached as Exhibit #B); had been leaked, compromised, and/or, passed on to defense and other counsel. That, sealed hearing, was to insure this not being made privy to such content. As a result, I bring such to your knowledge; and, I ask that you investigate these facts and my concerns.

1. On or about March 22, 2019. As instructed by the Court (on March 21, 2019). Plaintiff filed "Motion To Reopen Depositions On Ms. Vanessa Martino-Fleming". In such "Motion To Reopen Depositions...", Plaintiff listed #1 thru 4 reasons "For moving the Court to further depose Ms. Vanessa Martino-Fleming". At the bottom of page #3 of said "Motion...", Plaintiff stated, "During depositions of Ms. Vanessa Martino-Fleming. Questions surrounding the "Inter Facility Conference Call" (continue Page #4) did not take place. As a result of defendants' failure to turn over discovery of such crucial information." (See "Motion To Reopen Depositions On Ms. Vanessa Martino-Fleming - attached as Exhibit #C; Document Number: 116 re [109] - attached as Exhibit #D).

In preparing such "Motion...". Plaintiff deliberately made it a point not to incorporate, in such "Motion...", references regarding Court appointed Counsel's failure to question Ms. Martino-Fleming regarding this "Inter Facility Conference Call"; during her deposition. The Plaintiff's reasons were strictly "defendants failure to turn over discovery of such crucial information".

Page #2 of 4

"As a matter of fact, the only time "Plaintiff addressed the issue/fact of Ms. Martino-Fleming [not being] asked questions, <u>by Plaintiff's own appointed Counsel</u>"; was inside the sealed March 21, 2019 hearing before Judge Leo T. Sorokin.

2. On or about April 3, 2019. Co-constructing counsel to defendants, and; Counsel for Deponent Ms. Vanessa Martino-Fleming, George J. Rudister; filed "Deponent Vanessa Martino-Fleming, LMHC's Opposition To Plaintiff's Motion To Reopen Deposition" (See Document Number: 116 re [114] - attached as Exhibit #D).

On page #2, argument #1., para.#1 (See Exhibit #E) attorney, Rudister, clearly state, "Plaintiff claims that Ms. Martino-Fleming was not asked questions, <u>by Plaintiff's own appointed Counsel</u>, during her deposition regarding this "Inter Facility Conference Call", and as a result, Plaintiff seeks to now reopen Ms. Martino-Fleming's deposition (See Doc 109, p 3-4).

Attorney, Rudister tries to refer the Court to DOC 109, p 3-4; where Plaintiff, clearly, seeks to reopen Ms. Martino-Fleming's deposition as a result of "<u>defendants failure to turn over discovery of such crucial information</u>, that, attorney, Rudister neglected and ignored to refer to. In fact, Plaintiff <u>never</u> made such statement in Document #109 "Motion To Reopen Depositions...". The <u>only</u> time Plaintiff made such statement was in the sealed hearing, on March 21, 2019, before Your Honor (J. Sorokin). And the only way attorney,

Page #3 of 4

Rudlister, could have gotten such information; is by someone leaking that information from, that, March 21, 2019 sealed hearing.

As stated earlier in this investigation request. There was several reasons why Plaintiff deliberately <u>did not</u> reference such information in "Motion To Reopen Depositions...". 1. Because Plaintiff <u>did not</u> wish to negatively project Court appointed Counsel; 2. Because Plaintiff was attempting to show Justice, Sorokin, that, whatever controversy took place between him and Court appointed Counsel, Plaintiff had forgotten and considered resolved; and, 3. Because Plaintiff <u>did not</u> wish for Defense or co-contracting Counsel, to have knowledge of discovery controversy between Plaintiff and Court appointed Counsel.

In closing, the only way attorney, Rudlister, could have gotten such stated quote, was through a leak from that sealed March 21, 2019 hearing.

Furthermore, Plaintiff, herein, state that attorney, Rudlister, is presenting false statements and information to the Court about Ms. Martino-Fleming; and without Ms. Martino-Fleming's knowledge. Ms. Vanessa Martino-Fleming does not have any knowledge, whatsoever, about a request made in her behalf regarding "a Protective Order, pursuant to Fed. R. Civ. P. 26(c)(1) and 45(d)(3)(A), in order to protect her from annoyance, embarrassment, oppression, and or, undue burden or expense". And, further, Ms. Martino-Fleming was not aware of any "Motion..." being filed in her behalf denying reopening her deposition. Plaintiff requests that Justice, Sorokin, phone Ms. Martino-Fleming about such false information presented in her behalf.

sincerely,
Edward Adams