UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD JONES,
      Plaintiff,
v.

LISA MITCHELL, JOHN F. CAMELO,
and MICHAEL DEVINE,
      Defendants.

CIVIL ACTION NO.
16-11666-LTS

## PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY

Now comes the Plaintiff, Edward Jones, by way of standby counsel. And moves this Court pursuant to F.R. Civ. P. 37(a) for an order compelling Defendants to produce the following discovery documents:

    1. All documents requested in the "Joint Status Report", and,

that, the Court (on April 18, 2019) Previously ordered to be Filed with the Court by April 25, 2019;

2. <u>All</u> Inter-Facility Communication/ Specifically, "Health Status Report(s)" of Vernon Thompson, as noted in 103 DOC 650.05 B. (See; Exhibit #<u>1</u>= Attached), that accompanied Vernon Thompson from Bridgewater State Hospital to Old Colony Correctional Center in September 2015.

The Plaintiff, herein, state standby Counsel Attorney Andrew W. Monthey. Appropriately submitted Written requests on three (3) separate occaisions August 7, 2018, November 5, 2018 and November 20, 2018 for documents requested above. All three (3) requests were submitted to counsel for defendants way before the discovery deadline closing of

January 16, 2019. The Defendants have had ample time to turn over discovery documents. And, have failed to do so. As well as failing to file such documents with the Court, under Court order (see: Plaintiff's Response In Opposition, To Defendant Mitchell, Devine, And Camelo, Response To April 18, 2019 Court Order [121] - On File With Court) (see: Exhibits #A, #B, #C - Attached)

Farnsworth v. Procter & Gamble Co., 758 F.2d 1545 (11th Cir. 1985) "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." There is no ligitimate reason defendants can provide for not following Federal Rules of Civil Procedure; and, especially Court orders. In particularly when there are "Protective Orders" in place already; and also, Plaintiff being restricted from possessing any discovery not related to himself.

"If discovery could uncover one or more substantial issues, Plaintiff was entitled to reasonable discovery prior to district Court's

[ruling] of motion for summary judgement." Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368 (5th Cir. 1987). For example, exhibit #1-attached, clearly reference that "sexual abuse victimization while incarcerated" "shall" be documented. The Plaintiff in this case have a right to <u>all</u> discovery documenting defendants' knowledge of Vernon Thompson sexually abusing (and or) harassing victims while incarcerated. Although the names of inmates, and or, staff can be blackened out; this case, revolves around defendants hiding the truth, and, their knowledge of law. "Federal Rules of Civil Procedure contemplate liberal discovery in interest of just and complete resolution of disputes." Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422 (Fed Cir. 1993).

Wherefore, Plaintiff moves this Court for an order pursuant to Rule 37(a)(4) compelling defendants to

adher to Courts' [121] Order and immediately turn over all discovery, requested in the Joint Status Report and above, to Attorney Andrew W. Monthey to be held in accordance with "Protective Order" already in place. (See: Exhibit #"D"-Attached)

Date: 5-16-19

Respectfully Submitted,
Edward Jame (W-102323)
O.C.C.C.
1 Administration Road
Bridgewater, Ma 02324