UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2019 OCT 11 PM 2: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

EDWARD JONES
    Plaintiff

CIVIL ACTION NO.
16-11666-LTS

V.

LISA MITCHELL, JOHN F. CAMELO
And MICHEAL DEVINE,
    Defendants

PLAINTIFF'S MEMORANDUM OF LAW: IN OPPOSITION TO DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR SUMMARY JUDGEMENT
_____

1. STANDARD OF REVIEW.

    Opposed to Defendant's assertions that undisputed facts are in favor of Defendant's. Plaintiff, herein, assert that any and all undisputed facts relative to this case are definately in Plaintiff's favor (See: **Plaintiff's Memorandum Of Law In Support Of Summary/ Declaratory Judgement**). Thereby entitling Plaintiff to summary judgement as a matter of law.

    Plaintiff, the movant, has bared "the burden of establishing that there is no genuine issues of material facts". **Celetex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). "If that burden is met, the opposing party(s) can avoid

1

summary judgement only by providing 'properly' supported evidence of disputed material facts that would require trial." Id at 324. Such evidence must not be distorted facts; misleading presentation of disputed facts; deceptive tactics; and/or, contradictions from the record. The Defendant's are correct, "withal, a measure of factual specificity is required; 'a conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation' is insufficient to discharge the nonmovants burden.' **Depoutot v. Raffaelly, 424 F. 3d 112, 117 (1st Cir. 2005) (quoting Medina-Munoz v. R.J. Reynolds Tabacco Co., 896 F.2d 5, 8 (1st Cir. 1990);"**

**II. Plaintiff's Eighth Amendment Claims Shall Not Be Dismissed.**

Defendant's has attempted to mislead the Court into assuming that the sexual harassment and the chow-hall fight were two separate incidents.

Defendant's, further, attempt to distort facts by insinuating that Plaintiff stated during deposition that Plaintiff was only sexually harassed from "May-August 2015" (Pg. No.3- Def's Memorandum). During deposition defense counsel questioned Plaintiff:

>    Q. Did Vernon Thompson sexually harass you?
>
>    A. Yes, Ma'am.
>
>    Q. When?
>
>    A. On numerous occaisions, July, August, September, October, 2019, June, May.
>
>    Q. 2019?
>
>    A. Yes. No. 2015.

(See: Pg. No. 35, Para. No(s) 16-23--Jones Deposition). In all actuality, as asserted in the amended complaint (Pg. No. 9, Para. No. 20): Plaintiff stated from "June thru October 2015, up to and including the fight in the chow-hall. As all evidence clearly support, the ongoing and months of continuous sexual harassments is what caused/led to the fight in the chow-hall. See, also, **Plaintiff's Memorandum Of Law In Support Of Motion For Summary/ Declaratory Judgement,** Presenting substantial amount of documentary evidence linking case in its totality. Dispite what Defendant's assert, All evidence support the fact that the sexual harassments did not only occur in the RTU. The sexual harassments occured in the chow-hall as reported in deposition (Pg. No. 59, Para. No. 11 - Jones Deposition):

> A. I was in the chow-hall and he came to sit beside me and he said that he was still watching me and that he still wanted it.

(Pg. No 60, Para. No. 2 - Jones Deposition):

> A. He's talking about how he wants to have sex with me, how he still wants to have sex with me, how I have a big dick and how he has'nt forgotten about me.

(Pg. No. 60, Para. No. 4-12 - Jones Deposition):

> A. And I get up and call Officer Moreland. I said... You know he's not supposed to be around me. He's over here. He's sexually harassing me.

(Pg. No. 61, Para. No. 8-14 - Jones Deposition):

> A. And Vernon sat in the back of the chow-hall and he starts telling the whole chow-hall

> (100 inmates) how big my penis is and how he
> wanted to have sex with me... And how I was
> just playing hard to get.

Undisputed facts are presented (Plaintiff's Memorandum Of Law In Support Of Motion For Summary/Declaratory Judgement), that, specifically draws a nexus to the incidents of sexual harassment and the October 24, 2015 chow-hall fight; see, presentation of facts relating to exhibits 20, 21, 52, 76 and especially 139 among deposition(s) of Ms. Martino-Fleming and Plaintiff.

**A. Plaintiff's Facts Of Sexual Harassment Shall Not Be Dismissed.**

**1, 2, and 3. Plaintiff CAN Sustain A Claim Under 42 U.S.C. 1983.**

1. As presented, Plaintiff's Memorandum Of Law In Support Of Motion For Summary/Declaratory Judgement (Pg. 22-33), Plaintiff has documented "the kind of extreme and officially sanctioned psychological harm that support a claim for damages under the Eighth Amendment". **Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997).**

Not only is sexual harassment a criminal offense that results in legal penalties. But, if it was considered o-kay/alright to occur against "just" those lawfully incarcerated. Than, there would be no need for the Department Of Justice Prison Rape Elimination Act; Prison And Jails Standards 28 C.F.R. Part 115.11(a) - Zero Tolerance Of Sexual Abuse And "Sexual Harassment" (Pg 10, Exhibit 132) to mandate prison and jails to (a): "... have a written policy mandating zero tolerance of sexual abuse and 'sexual harassment' and outlining the agency's approach to preventing, detecting, and

responding to such conduct": This policy is Exhibit 96 - 103 DOC 519 - **Sexually Abusive Behavior Prevention And Intervention Policy.** And no, Plaintiff is not bringing a claim surrounding, or, involving the Prison Rape Elimination Act. But, the Plaintiff's claims is asserting that Defendant's failure to adhere to and follow policies in preventing, responding, and, detecting sexual harassment resulted in psychological and physical harm (See: Plaintiff's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement - Pg. 55(1)-56 and Pg 62(c)-67). "Consistent with these humanitarian concepts, our Courts have long acknowledged that when the state, by imprisonment, prevents a person from caring for himself, the constitution imposes 'a corressponding duty to assume some responsibility for his safety and general well being.' " **Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475, 125 L.Ed2d 22 (1993).** "Having stripped prisoners of virtually every means of self-protection and forclosed their access to outside aid, society may not simply lock away offenders and let 'the state of nature take its course'." **Farmer v. Brennan, 511 U.S. 825, 114 SW. Ct. 1970, 1997, 128 L.Ed2d 811 (1994).** "Rather, government officials must insure that prisons, while perhaps 'restrictive and even harsh' **Rides v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 L.Ed2d 59 (1981), do not degenerate into places that violate basic standards of decency and humanity."**

2. The right to be lawfully incarcerated does not strip Plaintiff of a constitutional right to be able to urinate or defecate in peace; without having a level three (3) sex offender, of the same

5

sex, stalking him while he is using the toilet (without his consent) for the purpose of sexual arousal, making lewd public comments regarding his private parts that was peeped without consent (See: Exhibit 117 - Definition Lewd Acts), sexually harassing him (See: Exhibit 116 - Sexual Harassment), and, constantly pursuing him for unwanted sexual relations (See: Exhibit 118 - Sexual Misconduct): "the term 'lewd and lascivious behavior' refers to sexual behavior that does not adhere to a community's moral standards of appropriate behavior; in modern terms, 'lewd' is defined as indecent or obscene behavior with sexual desire, while 'lasciviousness' means to express lust or other sexual desire." (See: Exhibit 117 - Lewd Acts). Furthermore, Defendant's are right and they acknowledge awareness (Pg. 6 - Mem Of Law In Support Of Def's Motion For Summary Judgement). **Anthony v. New York**, 2019 WL 948239, at *7 (N.D.N.Y. 2019) ("Verbal harassment and name calling, 'absent physical injury' are **NOT** constitutional violations cognizable under **Section 1983**."). In the case at bar, we have documented sexual harassment accompanied with physical and psychological assault; all, actionable under **Section 1983**. Id at *7 "Prison officials have a 'duty to take reasonable steps to protect inmates from physical abuse'." **Hoptowit v. Ray**, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982); as well as psychological abuse, especially when one is in treatment (by those having "duty to... protect") due to a history of sexual abuse. The Defendant's admit (Pg. 9 - Mem In Support Of Def's Motion For Summary Judgement) that "the mission of OCCC Medium is to promote public safety through the management and treatment of the mentally ill offender in a safe,

6

secure, and therapeutic environment"; that, did not occur. As documented, the sexual harassment(s) was accompanied by an injury (physically and psychologically) and does "constitute the violation of a federally protected right and therefore is actionable under 42 U.S.C. 1983". **Aziz Zarif Shabaz v. Pico**, 994 F. Supp. 460, 474 (S.D.N.Y. 1998).

It is an undisputed fact, that, Plaintiff has satisfied the objective component of a failure to protect claim. "The question whether the objective component of an **Eighth Amendment** claim has been met presents an issue for the Court to decide." **Hickey v. Reeder**, 12 F.3d 754, 756 (8th Cir. 1993) (quoting **Madrid v. Gomez**, 899 F. Supp. 1146 (1995). "Thus, every **Eighth Amendment** claim embodies an objective and subjective component. 'The former focuses on whether there has been a deprivation or infliction of pain serious enough to implicate constitutional concerns." According to medical documents, physical therapy reports, and, psychological progress notes (from mental health psychiatrists and clinicians); turned over by way of discovery, this case definately involves "infliction of -physical and psychological- pain serious enough to implicate constitutional concerns" Id. (Citations omitted) (internal quotations omitted). See: Plaintiff's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement(Pg 19-26).

   3. Plaintiff's Eighth Amendment Claims Are NOT Barred By The
      Prison Litigation Reform Act Section 1997e(e).

As documented, Plaintiff's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement (Pg 19-26); dispite what Defendant's

assert, Plaintiff has, in fact, undisputedly, presented a claim that clearly surpasses the de minimus standards.

Again, Defendant's are trying to mislead the Court by presenting a distorted version of the injuries Plaintiff sustained. For example, the Defendant's has presented numerous case law surrounding "migrain headaches", "chest pains", "breathing problems", "dizziness", and, unbelievably "fatigue"; none of which involves Plaintiff's claims.

> Section 1997e(e)  Provided in relevant: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

It is an undisputed fact, that, Plaintiff was stabbed in the hand with a folk on October 24, 2015 requiring a numbing agent to be administered by syringe to implant stitches (See: Exhibit 115 - Incident Report Of RN Jeremy Perry; Exhibit 110 - Medical Progress Notes Of MD. K. Fran; Exhibit 109 - Medical Progress Notes Of NP). It is an undisputed fact, that, such injury resulted in a diagnosis of "RT hand Neuralgia significant PMH"(See: Exhibit 111 - Physical Therapy Consult Form). The severity of the injury resulted in six (6) months of physical therapy, ultrasound therapy, laborious exercises; and, months of prescibed (Tegretol) medication for pain (Exhibit 111 - documents how Tylenol or NSAID could not relieve pain). Plaintiff, til this day, suffers permanent nerve damage, tremmers, and cannot write appropriately without shaking uncontrolably directly as a result of such injury. Such injury surely meets and surpasses the PLA standards. **Hill v. Arpaio**, 2007 WL 1220305 *3

(D. Ariz. 2007). "More than de minimus". Plaintiff has been in continuing and ongoing mental health therapy, as a direct result of the physical and psychological injury since 2015 (See: Exhibit 158, Pg 186, Para 13-20 - Jones Deposition).

**B. The Chow-Hall Fight Was Definately Foreseeable.**

As presented (Plaintiff's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement: Pg No(s) 9-19, 23-25, 31-33, 40-41, 44-45, and, 69-70), ample amount of discoverable documentary evidence have been submitted proving Defendant's foreseeable knowledge.

Again, Defendant's attempts to mislead this Court, by distorting the facts (Pg 13 - Def's Mem Of Law In Support Of Motion For Summary Judgement), by stating "Plaintiff makes no allegations about being afraid for his safety and/or being "fearful" of a possible physical encounter" with Thompson. When, in all actuality, Plaintiff's September 24, 2015 corresspondence to Mitchell (See: Exhibt 11) specifically "addressed uncomfortability and **FEAR CONCERNS** about Vernon Thompson" (See Also: Plaintiff's Mem Of Law In Support Of Mottion For Summary/Declaratory Judgement, Pg 9).

Defendant's , further, attempt to mislead and distort facts when they falsely claim Defendant "Devines opinion, inmate Vernon Thompson did not pose a physical danger to other inmates at OCCC" (Pg 16 - Def's Mem Of Law In Support Of Motion For Summary Judgement). But, during deposition (Exhibit 149, Pg 15) Devine clearly stated "Vernon could be a problem... **A THREAT TO ANYBODY PHYSICALLY**" (See

9

Also: Plaintiff's Mem Of Law In Support Of Motion For Summary/ Declaratory Judgement, Pg 18). Such, is not undisputed facts. What are undisputed facts is that all three Defendant's were forewarned by RTU mental health staff, Co-Contracting Psychiatrists, Plaintiff, and, other prisoners of a foreseeable serious risk of harm occurring. Defendant's assertions that Devine, Camelo and Mitchell were never warned that Vernon Thompson posed a physical danger to Plaintiff, is a false assertion. Material evidence have been presented, Plaintiff's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement: Pg(s) 9-19, 23-25, 31-32, and, especially 40-41, as well as 44-45; supporting the fact, that, Mitchell, Devine and Camelo were well aware of a foreseeable substantial risk of harm occuring against Plaintiff and/or Thompson from either one or the other, against the other.

And as for the August 19, 2015 signed waiver form? No, Plaintiff did not have any "concerns about returning to general population". Because, as documented in deposition (See: Exhibit 158, Pg 198, Para 20 - Jones Deposition), Plaintiff was promised that "Vernon Thompson would not be returning back to population with me" - by Institutional Perimiter Security Officer, O'Neil. Such promise was also made by Defendant , Camelo (See: Exhibit 158, Pg 182,(Para 17-24)-(Para 1-11) - Jones Deposition): Removing Thompson from general population on August 19, 2015, and holding him in "awaiting action lock-up" until transferring him to the State Hospital on August 28, 2015, but, than, returning him back to OCCC on 9-24-15, was a promise unkept.

C. Plaintiff's Claims Are Not Barred Under The PLRA, Because Plaintiff Have Absolutely Exhausted All Administrative Remedies.

Exhibit No(s) 4, 5, and, 6 document Plaintiff filing grievance No. 83803; and administratively appealing to the administrative level (See: plaintiff's Mem Of Law In Support Of Motion for Summary/Declaratory Judgement, Pg 11-13). Plaintiff, further, documents his appeals to the administrative levels (to Supt. Mitchell and Commissioner Carol Higgins-O'Brien) personally in corresspondence referencing all issues (See: Exhibit(s) 11 and 14): See: Plaintifs's Mem Of Law In Support Of Motion For Summary/Declaratory Judgement, Pg(s) 14-15.

Defendant's "failure to exaust administrative remedies" argument is a moot issue. And is basically obsolete. Based on the evidence, such argument has no standing.

V. The Court Has Already Addressed Defendant's Official Capacity Claims.

See: 1-13-17 Memorandum And Order; 2. (Document 22). Such argument is moot, and, basically obsolete; has no standing.

VI. Defendant's Are Not Entitled To Qualified Immunity.

See: Plaintiff's Memorandum of Law In Support Of Motion For Summary/Declaratory Judgement (Pg(s) 7-34. In light of all evidence presented; along with legal arguments and case law. This case, does not afford Defendant's a leg to stand on qualified immunity. Sufficient argument has been presented, quenching a qualified

11

immunity avenue legally.

**Plaintiff Moves This Court For An "In Camera Hearing" Relating And Pertaining To Documents Requested In Joint Status Report (No(s) 3 and 11), That, Has Not Been Filed With Court As Ordered (DK No(s) 120, 121, 129 and 131).**

In accordance with "Stipulated Protective Order (Document 92, 92-1 and 94-1 - Filed 9-7-18)"; Plaintiff is entitled to (or the Court should) view "confidential health protected information (Para 2)" of Vernon Thompson. Especially when such leads to the discovery of information proving Defendant's knowledge of physical danger. Prior to the Court granting withdrawal of counsel request, Court appointed counsel did, in fact, request, in accordance with F.R.Civ. P. 34 the above information.[1]

The discoverable information being sought. Is information Defendant's has turned over, in blank forms, attached to **103 DOC 650 (Exhibit D)**: Mental Health Initial Appraisal, (2015) Mental Health Evaluation Report, (2015) Mental Health Treatment Plan, (any and all) Request For Closures, Mental Health Classification Forms, Department Of Correction RTU Referral Forms, (2015) Residential Treatment Unit Discharge Summary, Attachment 10,- (2015-2016) Case Conference Forms, (2014-2015) Mental Health Consultation For Disciplinary Dispositions, (2015) Crisis Treatment Plan Discontinuation Forms, STU Referral Forms, (2014-

---

**Footnote:** Prior to counsel's withdrawal, this information was, further, requested in "Joint Status Report (Dk No 117, Para 11)".

2015) Observation Check Sheet, (2014-1015) Crisis Treatment Plan For Mental Health Watch, (2015) Problem List, (2015) Request To Perform Outside Mental Health Services, (2015) Mental Health - Health Services Discharge Plan. See also **103 DOC 650.5A**.

"This approach recognises that the subjective component of the **Eighth Amendment** is directed towards whether the Defendant's in any given case can be held liable for... issues because he/she acted with... deliberate indifference." **Madrid v. Gomez, 899 F. Supp. 1146 (1995)**. Based on findings of fact, and the evidence already presented in Plaintiff's Memorandum Of Law In Support Of Motion For Summary/Declaratory Judgement. Further facts and evidence enclosed and hidden in "confidential health protected information of Thompson", will, further, substantiate Defendant's subjective knowledge of a substantial risk of harm. **Gilland, 718 F. Supp. at 665.**

Wherefore, as requested, Plaintiff's Motion, and, Memorandum Of Law In Support, For Summary/Declaratory Judgement shall be allowed.

Date: 10-18-19

Respectfully Submitted,

*Edward Jones*
Mr. Edward Jones, Pro-Se
1 Administration Road
Bridgewater, Mass 02324