UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 16-CV-11666-LTS

EDWARD T. JONES,

    Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, ET AL.,

    Defendants.

**DEFENDANTS', LISA MITCHELL, MICHAEL DEVINE, AND JOHN CAMELO, OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY AND DECLARATORY JUDGMENT (DOCUMENT NUMBER 138)**

    Lisa Mitchell ("Mitchell"), Michael Devine ("Devine") and John Camelo ("Camelo") oppose Plaintiff's Motion for Summary and Declaratory Judgment (Document Number 138).  In addition to arguments set forth herein, defendants refer the Court to and incorporate by reference, their earlier-filed Motion for Summary Judgment (Document Number 144) , their Memorandum of Law in support of their Motion for Summary Judgment (Document Number 146), and their Statement of Undisputed Material Facts, and all supporting exhibits, filed in support of their Motion for Summary Judgment (Document Number 145).  Plaintiff has failed to present evidence to establish elements of his claims and is not entitled to judgment in his favor.  Rather, for the reasons already argued in defendants' Motion for Summary Judgment, as well as the reasons cited herein, defendants are entitled to judgment in their favor.

    The plaintiff was an inmate lawfully incarcerated in the Department of Correction

("DOC") custody[1]. For all times relevant to the Complaint, plaintiff was housed at Old Colony Correctional Center ("OCCC") and all of his allegations arise out of his incarceration there. Plaintiff originally filed a Complaint alleging claims against employees of the DOC and against employees of the DOC's contract medical vendor. See First Amended Complaint. After screening by the Court and Motions to Dismiss filed by both sets of defendants (who remained after the court screening), the current remaining three defendants are Mitchell, Devine, and Camelo; all of whom are former or current DOC employees. See Memorandum and Order (Document Number 22) and Memorandum and Order (Document Number 73). The only claims remaining after the Department of Correction Defendants' Motion to Dismiss are claims against the three defendants (Mitchell, Devine, and Camelo) under the Eighth Amendment and the Massachusetts Declaration of Rights, Article 26. See First Amended Complaint and Memorandum and Order (Document Number 73). Plaintiff seeks monetary damages, both compensatory and punitive; there is no claim for declaratory relief. See First Amended Complaint and Memorandum and Order (Document Number 73).

## FACTS

Defendants refer the Court to, and incorporate by reference, the Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment, and all supporting documentation, filed as Document Number 145.

## ARGUMENT

**I.    STANDARD OF REVIEW.**

---

[1] Plaintiff was paroled from DOC custody on October 3, 2019.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. (56); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party at trial, Garside v. Osco Drug, 895 F.2d 46, 48 (1st Cir. 1990), and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law,' Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir.1997) (citation and internal quotation marks omitted)." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Summary judgment against a plaintiff who fails to make a showing sufficient to establish the existence of an element essential to its case, and on which the party bears the burden of proof, is proper because a failure of proof on an essential element "necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra. at 322-323. All reasonable inferences are to be drawn in the nonmovant's favor. Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material facts." Celotex Corp. v. Catrett, supra. In accordance with Local Rule 56.1, a party moving for summary judgment must include a concise statement of material facts, with references to the evidence relied upon; failure to comply constitutes grounds for denial. "When considering arguments for summary judgment, '[the court] must disregard improbable or overly attenuated inferences, unsupported conclusions, and rank speculation.'" Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (quoting Abbott v. Bragdon, 107 F.3d 934, 938 (1st Cir. 1997)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of

3

the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## II.     PLAINTIFF FAILED TO SUBMIT A STATEMENT OF MATERIAL FACTS.

As noted above, in accordance with Local Rule 56.1, plaintiff was required to file a concise statement of material facts with page references to affidavits, depositions or other documentation.  Failure to file this statement constitutes a ground for denial of the summary judgment motion.  Local Rule 56.1.  See Dale v. H.B. Smith Co., Inc., 910 F.Supp. 14, 20 (D. Mass. 1995).  Rather than file a statement of material facts in support of his motion, plaintiff, instead filed 164 loose exhibits without any sort of Table of Contents or document list.  The 164 exhibits are not a substitute for a proper statement of material facts.  Plaintiff's failure to submit a concise statement of material facts warrants denial of plaintiff's summary judgment motion on this basis alone.

Furthermore, even if this Court were to possibly consider plaintiff's 164 exhibits as some type of substitute for a statement of material facts, the vast majority of exhibits are unsupported by an affidavit, or a sworn statement and as such they cannot be considered undisputed facts. Plaintiff wants the Court to take  "all depositions, interrogatories, admissions, affidavits, documents produced, videos, exhibits, physical and psychological reports" into consideration. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 8. A statement of material facts with cites to the relevant exhibits would have assisted the Court in making its ruling. It is unreasonable for plaintiff to expect the Court and the defendants to wade through 164 exhibits and pick out what is relevant to his claims. The defendants are at an extreme disadvantage in filing this Opposition without a statement of material facts by plaintiff. In submitting 164 exhibits, plaintiff is hoping to

overwhelm the Court and the defendants with documents; "the bigger the better" argument per se. On close examination of the numerous exhibits, all are not relevant to the case at bar. Plaintiff's exhibits contain numerous exhibits about disciplinary reports; disciplinary reports are not at issue here. Plaintiff has made no claim regarding any disciplinary reports so it is not clear why plaintiff chose to file such. Plaintiff also includes a number of definition of certain terms that appear to be printed from the internet; the defendants challenge the sources of such definitions and their relevance to the case at bar. Such exhibits are irrelevant to the claims in this case and just seek to confuse the matter at hand. Moreover, most of the exhibits contain inadmissible hearsay. As such, plaintiff's 164 exhibits are woefully deficient to substitute for a Statement of Material Facts, and defendants submit it should not be considered for that basis. In an abundance of caution, the defendants will offer further arguments of why they oppose plaintiff's Motion for Summary and Declaratory Judgment (Document Number 138).

### III. **PLAINTIFF'S MEMORANDUM DOES NOT PROVIDE ANY ARGUMENTS OF WHY HE SHOULD BE GRANTED SUMMARY JUDGMENT.**

#### A. **Plaintiff does not have a Claim for Declaratory Judgment.**

Plaintiff is moving for summary and declaratory judgment. See Document Number 138. As this Court has already ruled, "[t]here is no separate count for declaratory judgment". See Court's Memorandum and Order of February 16, 2018 (Document Number 73). Plaintiff has not sought to amend his First Amended Complaint to add a claim for declaratory relief; as such, his motion for declaratory judgment cannot proceed.

#### B, **Plaintiff References Dismissed Claims and Dismissed Defendants**

In his Background Section plaintiff references all of his claims and all of the defendants included in his First Amended Complaint. See Document Number 139, pp. 2-4. This Court addressed the various Motions to Dismiss that were filed, dismissed out some claims and some

5

defendants, and made rulings as to the remaining claims and defendants. See Court's February 16, 2018 Memorandum and Order (Document Number 73). After this Court's Order, the only claims left which are being addressed at the Summary Judgment stage are claims under the Eighth Amendment and the Massachusetts Declaration of Rights, Article 26 against the three defendants Mitchell, Devine, and Camelo..

  C. **<u>Plaintiff's Argument about Appointment and Withdrawal of Counsel is not Appropriate Here.</u>**

Plaintiff includes in his Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139) a whole section entitled "Appointment and Withdrawal of Counsel". See Memorandum of Law in support of Motion for Summary Judgment and Declaratory Judgment (Document Number 139), pp. 4-7. This section is not appropriate for a Motion for Summary Judgment. Moreover, plaintiff references the March 21, 2019 Hearing on his counsel's Motion to Withdraw; this Hearing was held ex parte, defendants' counsel was asked to leave the courtroom due to the sensitive nature of the Hearing. As such, defendants cannot properly respond to what was discussed at the ex parte Hearing.

  D. **<u>Plaintiff's Argument of why Qualified Immunity Should be Denied Fails.</u>**

Plaintiff argues that the defendants are not entitled to qualified immunity. He cites as support for this argument mental health notes and Affidavits from other inmates. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139),pp. 9-11. Inmates are not qualified to state why plaintiff was placed on Awaiting Action status; that is a decision made by correctional officials. Other inmates have no personal knowledge as to the reasons behind such a decision, thus, their Affidavits should not be considered. To reiterate, the lack of a statement of material facts by plaintiff severely hampers the defendants in opposing plaintiff's Motion for Summary and Declaratory Judgment.

Plaintiff cites to the depositions of the defendants and mental health notes to support his argument that the defendants were aware that inmate [Inmate A] posed a risk to plaintiff. Plaintiff provides no evidence that there was any physical threat by inmate [Inmate A] to him. As the defendants argued in their Memorandum of Law in support of their Motion for Summary Judgment, plaintiff had not made any allegations about being fearful of inmate [Inmate A] prior to the October 24, 2015 incident in the chow hall. See Memorandum of Law is support of Defendants, Lisa Mitchell's, Michael Devine's and John Camelo's Motion for Summary Judgment (Document Number 146).

Plaintiff makes the argument that his being "subjected to re-prescribed psychotropic medications" is proof that the defendants were deliberately indifferent to his claims. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), pp. 24-26. Plaintiff in his opening paragraph describes himself as "a diagnosed mentally ill state prisoner". See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p.1. Just because plaintiff was prescribed medication of any kind is not proof of deliberate indifference on the part of any of the defendants. By his own admission, plaintiff suffers from mental illness so it is reasonable to assume that he may be prescribed medication for said mental illness. Plaintiff provides no evidence to support his conclusion that the prescribing of certain medications prove deliberate indifference on the part of any of the defendants.

Plaintiff appears to be challenging the "waiver" he signed in August 2015. He argues that he "informed defense counsel of said document/"waiver" being null and void in this case for numerous reasons". See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 31. Plaintiff is entitled to his opinion but said

opinion does not create an issue of material fact. Also, plaintiff informing the defendants' counsel that he thinks the waiver is "null and void" does not make it so. Plaintiff also attempts to add new unsupported facts addressing why he signed the waiver; such unsupported facts should not be given any weight. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 32.

### E. Plaintiff cannot Sustain a Claim for Deliberate Indifference.

Plaintiff appears to argue that the defendants should not have allowed inmate [Inmate A] to be transferred back to OCCC while plaintiff was incarcerated there. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), pp. 35-39. Plaintiff proceeds to make his own determination of where inmate [Inmate A] should have been housed. Plaintiff provides no support for his theory that any of the three defendants had control over where inmate [Inmate A] was incarcerated. In addition, plaintiff is not a correctional official and his argument that the defendants were deliberately indifferent because he thinks inmate [Inmate A] should have been housed elsewhere is not sustainable. Prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547(1979). They also have broad administrative and discretionary authority for the running of the correctional facility, and inmates retain only a narrow range of protected liberty interests. Hewitt v. Helms, 459 U.S. 460, 467 (1983) (reversed on other grounds).

Plaintiff makes the argument that based on inmate [Inmate A] incarceration history, the defendants should have known he would be a threat to the plaintiff. Plaintiff and inmate [Inmate A] were both incarcerated felons and the DOC is responsible to house them along with

thousands of other incarcerated felons. The incarcerated population is a volatile population. As defendant Mitchell said at her deposition:

> [e]very inmate that we have in our custody poses a threat. [A]t any given time an inmate can be assaulted. This is a medium security facility. The mission is to deal with mentally ill individuals. Some are seriously mentally ill and others may just have a diagnosis of a mental disorder. So at any given time, they can be self-injurious, they can be assaultive. They carry all the DSM-IV diagnoses. Plus we have individuals that are just antisocial, and they're high risk of assaultive behavior.

See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶106.

Plaintiff references an incident report as support for his argument regarding the October 24, 2015 incident in the chow hall. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 42. The defendants submit that plaintiff's own deposition testimony contradicts the incident report to which plaintiff refers. Plaintiff testified at his deposition that the fight was a mutual thing; nobody hit first. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶85. As argued in Memorandum of Law in support of Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Motion for Summary Judgment (Document Number 146), plaintiff put himself in harm's way by threatening inmate [Inmate A] and then following him to the tray disposal area. Plaintiff told [Inmate A] "if you don't get away from me, I'm going to smash your face in". See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶79. [Inmate A] told plaintiff he was going to stab him with his fork and plaintiff

followed him. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶80. It is possible that [Inmate A] felt threatened and was defending himself as plaintiff had threatened him and then followed him. It is a far leap for plaintiff to argue deliberate indifference on the part of the defendants when he threatened inmate [Inmate A] and then followed him after [Inmate A] said he was going to stab him. If plaintiff had not followed [Inmate A] to the tray disposal area, there would have been no fight.

Plaintiff argues that he was housed with an inmate who was an active enemy. Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 47. The last time plaintiff and inmate [Inmate A] were housed in the same unit was August 20, 2015. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶18. Plaintiff argues that he asked to be kept away from inmate [Inmate A] and as of August 20, 2015 they were separated by housing units. On October 24, 2015, plaintiff made a conscious choice to follow inmate [Inmate A] to the tray disposal area. The defendants cannot be found to be deliberately indifferent based on plaintiff's own actions on October 24, 2015.

### F. Plaintiff was not Subjected to any Unnecessary PREA Investigations

Plaintiff argues that the defendants subjected him to unnecessary PREA investigations. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), pp. 53-56. According to this Court's Memorandum and Order, plaintiff only had a claim that defendant Camelo subjected him to unnecessary PREA investigation. See Court's February 16, 2018 Memorandum and Order (Document Number 73).

Plaintiff argues that "as a result automatically labels any PREA investigations committed against Jones unnecessary". See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 56. This is a grossly untrue statement. The DOC cannot simply decide not to investigate a PREA claim and plaintiff does not have immunity from being investigated. Here, a PREA investigation was initiated based on information reported. And the finding on that PREA investigation was unfounded. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶116. Moreover, Captain Camelo had no involvement with PREA investigations. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶118.

Plaintiff brings up a January, 2019 email in his brief. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), pp. 62-64.Anything regarding this January, 2019 email is outside the scope of the First Amended Complaint and should be disregarded by the Court. According to plaintiff this January, 2019 email and its aftermath are related to his counsel moving to withdraw their representation of him in this case. As previously stated, anything relating to plaintiff's counsel withdrawing from the case is not appropriate for Summary Judgment and in addition, defendants cannot properly respond as they were not present at the March 21, 2019 Ex Parte Hearing.

It appears that plaintiff is complaining about a PREA investigation involving the January, 2019 email. It should be noted that none of the defendants were employed at OCCC at the time of this alleged PREA investigation. In addition, plaintiff does not make any allegations against any of the three defendants in connection with the January, 2019 email and its aftermath.

Plaintiff argues there were three PREA investigations including the one in 2019. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 71. Plaintiff was only involved in one PREA investigation in 2015. See Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶111. Plaintiff cannot seek to create material issues of fact by conveying misinformation to the Court. As argued in the Memorandum of Law in support of Defendants, Lisa Mitchell's, Michael Devine's, and John Camelo's Motion for Summary Judgment (Document Number 146), plaintiff's claim regarding unnecessary PREA investigations cannot proceed as said claim was only against defendant Camelo who had no involvement with PREA investigations. See Memorandum and Order (Document Number 73) and Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment (Document Number 145), ¶118.

### G. Plaintiff's Argument of "Reckless Disregard" is Misplaced.

Plaintiff argues that the defendants participated in "reckless disregard". See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), p. 72. Plaintiff includes several incidents of which he argues shows "reckless disregard" on the part of the defendants. Plaintiff alleges incidents that are not even part of this case. It appears that plaintiff is trying to muddle the issues remaining in this case. Plaintiff is trying to offer his opinion as to how and where to house inmate [Inmate A] Plaintiff offers no support for his irrelevant theories, thus, such matters should not be considered.

### H. There was no Foreseeability Here.

Plaintiff argues that based on the past conduct of [Inmate A] his actions were

foreseeable. See Plaintiff's Memorandum of Law in support of Motion for Summary and Declaratory Judgment (Document Number 139), pp. 73-74. Plaintiff references a 2016 classification report of inmate Inmate A The alleged actions occurred in 2015 so the 2016 classification report occurred after the claims in this case. The defendants incorporate here their arguments regarding foreseeability contained in the Memorandum of Law in support of Defendants, Lisa Mitchell's, Michael Devine's, and John Camelo's Motion for Summary Judgment (Document Number 146) .

## CONCLUSION

For the foregoing reasons, the defendants oppose plaintiff's Motion for Summary and Declaratory Judgment (Document Number 138) and request that the Court deny said Motion.

Dated: October 18, 2019

Defendants,
Lisa Mitchell, Michael Devine, and
John Camelo,
By their attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Daryl F. Glazer
Daryl F. Glazer, Counsel
BBO No. 567138
Legal Division
Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02110-1300
Tel. (617) 727-3300, Ext. 1102
Daryl.Glazer@MassMail.state.ma.us

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that on this date a copy of this document was mailed, first class postage, to the plaintiff at his address, 69 East Main St., Norton, Mass 02766

October 18, 2019

/s/ Daryl F. Glazer
Daryl F. Glazer