UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 16-CV-11666-LTS

EDWARD T. JONES,

     Plaintiff,

     v.

COMMONWEALTH OF MASSACHUSETTS, ET AL.,

     Defendants.

---

**DEFENDANTS', LISA MITCHELL, MICHAEL DEVINE, AND JOHN CAMELO,
REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION AND MEMORANDUM OF LAW FOR SUMMARY
JUDGMENT (DOCUMENT NUMBER 152)**

---

Lisa Mitchell ("Mitchell"), Michael Devine ("Devine") and John Camelo ("Camelo") file this Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and Memorandum of Law for Summary Judgment (Document Number 152).  In addition to arguments set forth herein, defendants refer the Court to and incorporate by reference, their earlier-filed Motion for Summary Judgment (Document Number 144) , their Memorandum of Law in support of their Motion for Summary Judgment (Document Number 146),  their Statement of Undisputed Material Facts, and all supporting exhibits, filed in support of their Motion for Summary Judgment (Document Number 145), and their Opposition to Plaintiff's Motion for Summary and Declaratory Judgment (Document Number 155).  Plaintiff has failed to present evidence to establish elements of his claims and is not entitled to judgment in his favor.

Rather, for the reasons already argued in defendants' Motion for Summary Judgment, as well as the reasons cited herein, defendants are entitled to judgment in their favor.

The plaintiff was an inmate lawfully incarcerated in the Department of Correction ("DOC") custody[1]. For all times relevant to the Complaint, plaintiff was housed at Old Colony Correctional Center ("OCCC") and all of his allegations arise out of his incarceration there. Plaintiff originally filed a Complaint alleging claims against employees of the DOC and against employees of the DOC's contract medical vendor. See First Amended Complaint. After screening by the Court and Motions to Dismiss filed by both sets of defendants (who remained after the court screening), the current remaining three defendants are Mitchell, Devine, and Camelo; all of whom are former or current DOC employees. See Memorandum and Order (Document Number 22) and Memorandum and Order (Document Number 73).  The only claims remaining after the Department of Correction Defendants' Motion to Dismiss are claims against the three defendants (Mitchell, Devine, and Camelo) under the Eighth Amendment and the Massachusetts Declaration of Rights, Article 26. See First Amended Complaint and Memorandum and Order (Document Number 73). Plaintiff seeks monetary damages, both compensatory and punitive; there is no claim for declaratory relief. See First Amended Complaint and Memorandum and Order (Document Number 73).

## FACTS

Defendants refer the Court to, and incorporate by reference, the Defendants Lisa Mitchell's, Michael Devine's, and John Camelo's Statement of Undisputed Material Facts in support of their Motion for Summary Judgment, and all supporting documentation, filed as Document Number 145.

---

[1] Plaintiff was paroled from DOC custody on October 3, 2019.

## ARGUMENT

## I.   STANDARD OF REVIEW.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. (56); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party at trial, <u>Garside v. Osco Drug</u>, 895 F.2d 46, 48 (1st Cir. 1990), and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law,' <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 960 (1st Cir.1997) (citation and internal quotation marks omitted)." <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006).  Summary judgment against a plaintiff who fails to make a showing sufficient to establish the existence of an element essential to its case, and on which the party bears the burden of proof, is proper because a failure of proof on an essential element "necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u> , <u>supra</u>. at 322-323.  All reasonable inferences are to be drawn in the nonmovant's favor. <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st Cir. 2011).  The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material facts." <u>Celotex Corp. v. Catrett</u> , <u>supra</u>.  In accordance with Local Rule 56.1, a party moving for summary judgment must include a concise statement of material facts, with references to the evidence relied upon; failure to comply constitutes grounds for denial.  "When considering arguments for summary judgment, '[the court] must disregard improbable or overly attenuated inferences, unsupported conclusions, and rank speculation.'" <u>Thompson v. Coca-Cola Co.</u>, 522 F.3d 168, 175 (1st Cir. 2008) (quoting <u>Abbott v. Bragdon</u>, 107 F.3d 934, 938 (1st Cir.

1997)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).

## II.      PLAINTIFF'S OPPOSITION OFFERS NO NEW ARGUMENT.

As noted above, in accordance with Local Rule 56.1, plaintiff was required to file a concise statement of material facts with page references to affidavits, depositions or other documentation.  Failure to file this statement constitutes a ground for denial of the summary judgment motion.  Local Rule 56.1.  See <u>Dale v. H.B. Smith Co., Inc.</u>, 910 F.Supp. 14, 20 (D. Mass. 1995).  Rather than file a statement of material facts in support of his motion, plaintiff, instead filed 164 loose exhibits without any sort of Table of Contents or document list.  Plaintiff attempts in his Opposition to Defendants' Motion for Summary Judgment to cite to deposition transcripts but yet he fails to provide copies of the actual deposition transcript for the defendants or the Court to verify the information. Instead, plaintiff just types portions of the deposition transcripts into the body of his Opposition and cites to his Memorandum filed in support of his Motion for Summary and Declaratory Judgment. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and Memorandum of Law for Summary Judgment (Document Number 152). Plaintiff fails to even provide exhibit numbers to the sections of the depositions to which he cites. The Court should not rely on plaintiff's representation about what the deposition transcripts say.

Plaintiff appears to be arguing that the behavior of inmate ▮Inmate A▮ towards him was akin to criminal behavior ("[n]ot only is sexual harassment a criminal offense"). See Plaintiff's Memorandum of law in Opposition to Defendants' Motion and Memorandum of Law for

Summary Judgment (Document Number 152), p. 4. As previously argued in Defendants' Motion

for Summary Judgment , the courts have uniformly held that no constitutional right to protection

from verbal comments exists:

> it is settled that emotional damage by verbal harassment does not amount to
> infringement of a constitutional right, and thus is not actionable under Section
> 1983. Other courts uniformly find that acts of verbal harassment alone are not
> sufficient to state a claim under the Eighth Amendment… In sum, the weight of
> authority is that verbal threats, even abusive threats with racial epithets, do not, in
> the context of prison, violate an inmate's constitutional rights. Although
> indefensible and unprofessional, verbal threats or abuse are not sufficient to state
> a constitutional violation cognizable under § 1983.

Shabazz v. Cole, 69 F. Supp. 2d 177, 199–200 (D. Mass. 1999) (citations and quotations

omitted). Plaintiff appears to argue that that he had a "constitutional right to be able to urinate or

defecate in peace". See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion

and Memorandum of Law for Summary Judgment (Document Number 152), p.5. Plaintiff cannot

create a constitutional right where one does not exist. Moreover, inmates lose certain privacies

when they go to prison. As the Seventh Circuit Court of Appeals aptly stated: "Inmates cannot

expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d

1232, 1235 (7th Cir. 1988).

Plaintiff argues that the injury to his hand by being stabbed with a fork by inmate

[Inmate A] surmounts the physical injury threshold of the Prison Litigation Reform Act. See

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and Memorandum of Law

for Summary Judgment (Document Number 152), p.8.  As already argued in the Defendants'

Motion to Dismiss, plaintiff is responsible for the injury to his hand.  Plaintiff testified that

inmate [Inmate A] told him he was going to stab him with his fork and plaintiff followed him.

See Defendants' Statement of Undisputed Material Facts ("DSUMF") (Document Number 145)

¶80. According to plaintiff, [Inmate A] knew plaintiff was following him to the tray disposal

area. DSUMF¶84. Plaintiff alleges that [Inmate A] broke his fork and stabbed plaintiff with it. DSUMF¶81. Plaintiff put himself in harm's way, he chose to follow inmate [Inmate A] It is disingenuous for plaintiff to now say that the defendants are responsible for his hand injury when if plaintiff had not chosen to follow inmate [Inmate A] to the tray area, the fight would not have occurred and he would not have any injury.

In his Opposition, plaintiff refers to a September 25, 2015 letter he wrote to defendant Mitchell. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and Memorandum of Law for Summary Judgment (Document Number 152), pp. 9-10. A review of plaintiff's letter shows that plaintiff wrote "because I refuse to, and fail to, allow inmate [Inmate A] [████] to victimize, traumatize [sic.], harass, and abuse me **verbally** any longer". See plaintiff's Exhibit Number 11 (emphasis added). In plaintiff's own words to defendant Mitchell he informs her that he felt inmate [Inmate A] was <u>verbally</u> harassing him; he does not express any fear for his safety.

## III.   PLAINTIFF DOES NOT HAVE A LEGITIMATE REASON FOR REQUESTING MEDICAL INFORMATION OF ANOTHER INMATE

Plaintiff requests that the Court hold an *in camera* hearing on whether he should receive medical information of inmate [Inmate A] See Plaintiff's Memorandum of law in Opposition to Defendants' Motion and Memorandum of Law for Summary Judgment (Document Number 152), p.12-13. Plaintiff is alleging that this information is discoverable information to which he is entitled. First, discovery is closed in this case; the parties have both moved for summary judgment. Second, when plaintiff had counsel they did not think that such information was necessary in order to prosecute the case. Third, plaintiff has no right to the private medical information of another person, even if that person is an inmate. Due to the allegations in this case, documents concerning inmate [Inmate A] have been provided to the plaintiff; such

documents would not be provided to him if not for this case. Fourth, the documents plaintiff seeks are irrelevant to his claims in this case. The Court should disregard plaintiff's request for private medical information of inmate ██Inmate A██ By including such an argument in his Opposition to the Defendants' Motion for Summary Judgment plaintiff is only seeking to cloud the issues before this Court.

## CONCLUSION

For the foregoing reasons, the defendants file this reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and Memorandum of Law for Summary Judgment (Document Number 152) and renew their request that Summary Judgment be granted in the defendants' favor.

.

Dated: November 1, 2019

Defendants,
Lisa Mitchell, Michael Devine, and
John Camelo,
By their attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Daryl F. Glazer
Daryl F. Glazer, Counsel
BBO No. 567138
Legal Division
Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02110-1300
Tel. (617) 727-3300, Ext. 1102
Daryl.Glazer@MassMail.state.ma.us

## CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and

that on this date a copy of this document was mailed, first class postage, to the plaintiff at his address, 69 East Main St., Norton, Mass 02766

November 1, 2019                                    /s/ Daryl F. Glazer
                                                   Daryl F. Glazer