# UNITED STATES DISTRICT COURT

# DISTRCT OF MASSACHUSETTS

EDWARD JONES,

    PLAINTIFF

    v.

LISA MITCHELL, MICHAEL DEVINE AND

JOHN F. CAMELO

    DEFENDANT'S.

CASE No. 16-CV-11666-LTS

## PLAINTIFF'S LEAVE OF COURT TO AMEND AND REFILE STATEMENT OF UNDISPUTED MATERIAL FACTS

Now comes the Plaintiff, Edward Jones, Pro-se, in the above entitled action. Pursuant to rules of Court and moves this Court for leave to strike Plaintiff's "Affidavit Of Edward Jones: In Support Of Motion For Summary And Declaratory Judgement" and permit Plaintiff to refile "Statement Of Undisputed Material Facts" that complies with the letter and spirit of the **Rule 56.1.**

Reasons for leave to amend to file statement of undisputed material facts is as follows:

1. As a result of Plaintiff's incarceration status, Plaintiff was restricted by the Court to possess

    Any documents related and pertaining to this case; all documents, were in the possession of

    Court appointed counsel, law firm of Robinson & Cole.

pg. 1

Any documents related and pertaining to this case; all documents, were in the possession of Court appointed counsel, law firm of Robinson & Cole.

2. On or about 3/21/2019, Robinson & Cole moved the Court to withdraw from the case as a result of Defense attorney forwarding Robinson & Cole an email Plaintiff intended to forward to the media informing the media of the above entitled case; and, Robinson & Cole's failure to amend Plaintiff's claim to add a claim for "Declaratory Judgement". At which time the Court allowed Robinson & Cole's withdrawal under certain conditions. Those conditions were as follows: Dk 121 – "Robinson & Cole is hereby appointed as standby counsel which includes only the following responsibilities 1) File documents on ECF for Mr. Jones, 2) Arrange all depositions he is permitted to take, 3) attend each deposition to provide Mr. Jones legal advice if he wishes..., 4) serve as custodian of all discovery and arrange times for Mr. Jones to view it, and, 5) attend any other proceedings to provide Mr. Jones with legal advice if he so requests or the Court specifically directs."

3. Plaintiff herein state that, since the Court has re-appointed Robinson & Cole as standby counsel Robinson & Cole has failed to provide Plaintiff with legal advice as Court ordered they do. Upon plaintiff seeking legal advice from Robinson & Cole regarding and pertaining to summary judgement Issues; Robinson & Cole's response was as follows, "we are not representing you, our only responsibility to you is to serve as custodian of all discovery that you are not to possess" (See also, Exhibit 166 – Attached). Robinson & Cole has refused to provide

Plaintiff with any and all legal advice relating and pertaining to this Case since being appointed as standby counsel.

4. On or about September 5, 2019, Plaintiff forwarded to Robinson & Cole (first class mail: Exhibit #165 attached) a copy of all discoverable exhibits Plaintiff had in his possession, accompanied with a list of all discoverable exhibits in the possession of Robinson & Cole; that, Plaintiff intended to use in summary judgement proceeding. Prior to forwarding Robinson & Cole such discovery list, Plaintiff and attorney Andrew Monthey discussed over the phone that Robinson & Cole would 1) compile all the exhibits together by number; 2) prepare a "Table of Contents"; and 3) seeing that Plaintiff did not have in his possession any exhibits, Robinson & Cole would also prepare a "Statement Of Undisputed Material Facts" referring to all discoverable exhibits in their possession; to help Robinson & Cole with this task, Plaintiff forwarded Robinson & Cole, the Court, and, attorney for Defendant's "Affidavit Of Edward Jones: In Support Of Motion For Summary And Declaratory Judgement" (Dk 138).

5. On or about 10/18/2019, plaintiff discovered that, Robinson & Cole filed exhibits with the Court that consisted of 1) numbered exhibit pages that did not include the exhibits that were to be attached; 2) the exhibits that were filed by Robinson & Cole did not contain a "table of contents"; and 3) Failed to incorporate the exhibits in their possession into the "affidavit..." and file it with the Court ECF as "Statement Of Undisputed Material facts".

As a result of the facts stated above, Plaintiff moves this Court for leave to amend to file on record "Statement of Undisputed Material Facts"; refile exhibits that contain all exhibits included in summary judgement pleading; and, file with the Court a complete "Table Of Contents"

referencing all exhibits respectively. In "Robertson v. American Airlines, Inc., The district Court found that Defendant's statement does not comply with Rule 56.1., but 'declined to adopt the Plaintiff's suggestion of... denying the Defendant's summary judgement'." Robertson, 239 F. Supp. 2d 5, 9 (D.D.C. 2002). "The appropriate remedy for the Court would be, at most, to [allow Plaintiff] to amend and refile [his] "Statement Of Undisputed Material Facts." Elouise Pepion Cobell, et al., v. Gale A. Norton, Secretary Of Interior, et al, U.S. Dist. 96-cv-01285.

Wherefore, for the reasons stated above leave of Court shall be granted allowing Plaintiff to amend and refile, "Statement Of Undisputed Material Facts"; "all exhibits referenced in summary judgement and memorandum" attached to; and, "table of contents" referencing all exhibits to summary judgement pleading.

Date: 11-18-19

Respectfully Submitted,

*Edward Jones*

Edward Jones, Pro-Se

69 East Main Street

Norton Mass 02766

Email: ej4431120@gmail.com

## CERTIFICATE OF SERVICE

I, Edward Jones, Plaintiff in case number 16-CV-11666-LTS, served a copy of "Plaintiff's Leave Of Court To Amend And Refile Statement Of Undisputed Material Facts". To attorney for Defendant's, Ms. Daryl Glazer, at Department Of Correction, 70 Franklin Street, Suite 600, Boston, Mass 02110 on this 18th day of November 2019.

Respectfully Submitted,

/s/ Edward Jones