UNITED STATES DISTRICT COURT

DISTRCT OF MASSACHUSETTS

EDWARD JONES,

      PLAINTIFF

      v.

LISA MITCHELL, MICHAEL DEVINE AND

JOHN F. CAMELO                              CASE No. 16-CV-11666-LTS

      DEFENDANT'S.


## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT


### INTRODUCTION.

 Plaintiff, Edward Jones, submits a reply to Defendant's (Lisa Mitchell, Michael Devine and John F. Camelo) opposition to "Plaintiff's Motion For Summary Judgement". Filed under **42 U.S.C. section 1983** to redress the deprivation, under color of state law, of rights secured by the **Constitution Of The United States.** Filed by Edward Jones, a diagnosed mentally ill state prisoner seeking damages for violation of state and federal rights to be free from cruel and unusual punishment, failure to protect and deliberate indifference.


### BACKGROUND.

On August 15, 2016, Jones filed a complaint (pro-se) bringing nine counts against three groups of

Defendant's (totaling thirteen people); including four entities i.e. Commonwealth of Massachusetts,

Department of Corrections, Executive Office of Public Safety and Massachusetts Partnership For

Correctional Health. After a preliminary screening, Judge Leo T. Sorokin, found "the complaint...

substantively deficient"; and, ordered an amended complaint be filed "curing the substantive and

pleading deficiencies". An amended, pro-se, complaint was filed November 18, 2016. Although pro-se

amended complaint failed to include a separate count for **"Declaratory Judgement,** Jones, still,

requested in paragraph **"No. 1"** of the amended complaint "this court has jurisdiction over Plaintiff's

Federal claims pursuant to **"28 U.S.C. 2201, 2202..."**; and, in paragraph **No. 6** of **Prayer For Relief**

Plaintiff prayed **"Declare Defendant's actions violated Plaintiff's right to be free from cruel and/or**

**unusual punishment under the U.S Constitution and Massachusetts Declaration Of Rights".**[1] Amended

complaint factually state, Jones, a clinically diagnosed mentally ill prisoner. While in a treatment for

PTSD, major depression, anxiety, suicide and psychotic features. Defendant's Mitchell, Devine and

Camelo failed to protect Jones from sexual harassment(s), physical and psychological injuries, and,

subjected Jones to unnecessary PREA investigations; that, exacerbated PTSD. Defendant's Mitchell,

Devine and Camelo's failure to follow **Classification CMR'S, Sexually Abusive Behavior Prevention And**

**Intervention** and **Active Enemy Conflict policies,** other DOC **procedures, rules and regulations,** as well

as recommendations from mental health clinicians, psychiatrists, and, DOC staff contributed to Jones

sustaining physical and psychological harm.

---

[1] Upon a request, from Plaintiff, for court appointed counsel to amend complaint to incorporate a claim for "Declaratory Judgement", court appointed counsel refused telling Plaintiff, that, to do such would anger the judge (See: Dk #107 Motion Hearing held on 3-21-2019); after the judge allowed court appointed counsel to withdraw, Plaintiff incorporated (pro-se) **"Declaratory Judgement"** under **F.R.Civ.P. 57** along with **F.R.Civ.P. 56** motion.

**FACTS**

Plaintiff hereby refer the Court, and incorporate by reference, "Affidavit of Edward Jones: In Support Of Motion For Summary And Declaratory Judgement" (That Plaintiff moves the Court to accept as his Statement of Undisputed Material Facts in support Motion For Summary And Declaratory Judgement), Memorandum Of Law and Exhibits (filed) accompanying Motion For Summary And Declaratory Judgement, Affidavits referenced in Memorandum Of Law in support of Motion For Summary And Declaratory Judgement, and, (after in-camera review) documents sought in requests numbered 2 and 3 of status report (Dk 117 - specifically para. 3 and 11) filed by Edward Jones (See also: DK 120, 129, and 131) i.e. evidence sought in Plaintiff's Memorandum Of Law: In Opposition To Defendant's Motion and Memorandum Of Law For Summary Judgement.

## ARGUMENT

### I.   STANDARD OF REVIEW

"Where the Court finds that Plaintiff did not in any way contribute to his berated cornea, nor provoked his assailant in any way, nor encouraged his assailant's actions. But in fact found his assailant's hostile and vengeful conduct abhorrent, and had demanded that [Thompson] cease his loud profanities just prior to the incident, then as a matter of law, Plaintiff did not contribute to his injuries. **Rath v. Commonwealth, 1984 Mass. App. Div. 255 (Mass. Dist. Ct. App. 1984).** "The party seeking summary judgement bears the initial responsibility of informing the district Court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions [and affidavits] on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material facts." **Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).**

F.R.Civ.P.(1) (A): "Supporting Factual Position. A party asserting that a fact cannot be... genuinely disputed must support the assertion by **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. "When the moving party has carried its [summary judgement] burden..., its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." **Scott v. Harris, 550 U.S. 372, 380-81 (2007).**

## II.    PLAINTIFF DID NOT FAIL TO SUBMIT A STATEMENT OF MATERIAL FACTS

Misrepresented the facts. By insinuating that Plaintiff "filed 164 loose exhibits as a statement of material facts". When in all actuality, Plaintiff filed, accompanying Motion For Summary and Declaratory Judgement, an affidavit; titled, "Affidavit of Edward Jones: In Support Of Motion For Summary And Declaratory Judgement" (See: Dk 138 – acknowledging Court's receipt of "affidavit in support of motion"). That Plaintiff thought would be sufficient as a "statement of material facts". This unfortunate pleading was submitted as a result of Plaintiff being deserted by Court appointed counsel; and, seeing that Plaintiff was forced to represent self, pro-se, Plaintiff was not informed that just a plain affidavit would not be accepted as a "statement of material facts" (standby counsel has refused to provide Plaintiff with any legal advice or assistance). In any event, Plaintiff will move to file a sufficient "statement of material facts" by filing leave of Court to amend and refile a proper "statement of material facts", upon advice and assistance from free legal aid assistance. Such leave to amend will accompany the filing of this reply.

Defense has misrepresented to the Court, that, Plaintiff has sought the Court and defense to "wade through 164 exhibits and pick out what is relevant to Plaintiff's claims". Which is a false and misleading insinuation. The number of exhibits Plaintiff referenced in summary judgement pleading totals exactly 64. As for a "table of contents that was suppose to accompany those exhibits"? Seeing that Plaintiff was not allowed to possess any documents related this case; that Court placed in the possession of standby counsel. Upon Plaintiff notifying standby counsel of what exhibits Plaintiff intended be used for summary judgement purposes. It was up to standby counsel to prepare all exhibits, along with a table of contents, and sufficiently and properly forward to Court in Plaintiff's behalf. As the Court should be able to recognize, supposedly standby counsel is doing more harm to Plaintiff's case than good. In any event, Plaintiff will prepare and submit a concise table of contents with the filing of this reply. As should be recognized by this Court. It seems that from the very beginning, standby counsel and defense are in cahoots to take advantage of Plaintiff's non-legal experience; and, using such to derail Plaintiff's case.

III.     **PLAINTIFF'S MEMORANDUM DOES, IN FACT, PROVIDE SUFFICIENT AND LEGAL ARGUMENTS WHY PLAINTIFF SHOULD BE GRANTED SUMMMARY AND DECLARATORY JUDGEMENT.**

A.     Plaintiff has well documented to this court, court appointed counsel's (now standby counsel), attempts to derail Plaintiff's claim with defense counsel. It was brought to this Court's attention court appointed counsel's failure to amend Plaintiff's claim, upon Plaintiff's request, in order to add a separate count for "declaratory judgement" (See: Dk 107): Where Plaintiff informed the Court of court appointed counsel informing Plaintiff that "it would upset the Judge if an amendment was filed

to add a count for "declaratory judgement". Despite court appointed counsel's misrepresentation.

F.R.Civ.P. 57 affords Plaintiff an opportunity to have his claim decided by way of "declaratory

judgement. Plaintiff intends to implement this rule in Plaintiff's favor. "By the 'Declaratory Judgement

Act', Congress sought to place a remedial arrow  in the district Court's quiver, it created an opportunity,

rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory

nature of the remedy, a district Court is authorized, in the sound exercise of its discretion, to stay or to

dismiss an action seeking a declaratory judgement before trial or after all arguments have drawn to a

close. In the declaratory context, the normal principle that federal Courts should adjudicate claims

within their jurisdiction yields to considerations of practicality and wise judicial administration." **Wilton**

**v. Seven Falls Co., 515 U.S. 277, 288 (1995).**

As presented (Pg(s). 2-3 and 54) of Memorandum Of Law In Support Of Motion For

Summary And Declaratory Judgement, Plaintiff's over-all intention was to move this Court for

"declaratory judgement". Plaintiff gave the Court jurisdiction in amended complaint; and, Plaintiff

sought it in his relief. Court appointed counsel's attempts to derail Plaintiff's claims, by failing to seek

"declaratory relief" by withdrawing, after being requested to amend and do so by Plaintiff; should not

deprive Plaintiff of an opportunity to seek "declaratory relief".


**B.**        Plaintiff's presentation about appointment and withdrawal of counsel is appropriate. To

the extent that it is very important that this Court takes notice of court appointed counsel's actions in

misrepresenting, and, attempts to derail, Plaintiff's claim. The sneaky, underhanded tactics, being

initiated by Court appointed counsel has prejudiced Plaintiff's claims. Judicial knowledge of such is to be

noticed and considered in the allowing of amendments; and, late filing of exhibit table of contents.

C.          Plaintiff has presented sufficient argument(s), page 7-75 of Memorandum Of Law: In support Of Motion For Summary And declaratory Judgement, why Defendant's are not entitled to qualified immunity. Such arguments are supported by legal declarations of law, meeting the requirements set forth in **Cordero v. Dickaut, 2014 Dist. Lexis. 169082** and numerous other cases; establishing **(1)** a constitutional violation occurred, **(2)** the right was clearly established at the time of the violation, and, **(3)** a reasonable officer similarly situated should have understood that the challenged conduct violated that established right. In light of exhibits, affidavits, depositions, answers to interrogatories, video surveillance; there is no way that Defendant's can stand under the umbrella of qualified immunity.


D.          Plaintiff has, in fact, stated a claim for "deliberate indifference"; See Memorandum Of Law: In support Of Motion For Summary And Declaratory Judgement. Again, defense has misrepresented the facts; or, either took them out of context. For example, defense assert that "Plaintiff proceeds to make his own determination of where inmate Thompson should have been housed". And that is not the case. Plaintiff presented to the Court Defendant's many options of where they could have housed inmate Thompson at, other than where there was a listed "active enemy". It was well documented in inmate Thompson's classification report; as well as Plaintiff's classification report, that they were both "active enemy's" of each other (See: Exhibits 157 and 89 – 2016 Classification Report of Inmate Thompson, and, Classification Report of Plaintiff).  Defense further, presents an argument of Plaintiff using inmate Thompson's 2016 classification report; arguing that such 2016 report was drafted after the incidents of sexual harassments and injuries occurred. Although Inmate Thompson's 2016 classification report was drafted after the 2015 incident. Such 2016 classification report was turned over as discovery by defense. Furthermore, although the report was drafted in 2016, it still, contained information relating to 2014 and 2015 incidents relating to Plaintiff and others, shedding light on

7

Defendant's knowledge of excessive risks. Seeing that Defendant's are claiming that Inmate Thompson

was not provided a 2015 classification hearing, as Commonwealth Massachusetts Rules (CMR'S)

required they provide annually (See: Exhibit 140 – 103 CMR 420 Department of Correction Classification

regulations); 2016 classification report still contained information dating back to 2014 through 2015.

Another reason why it is important to move this Court for the in-camera hearing relating to the

discovery requested in the joint status report; relating to those documents mentioned in Plaintiff's

Memorandum Of Law: In Opposition To Defendant's Motion And Memorandum For Summary

Judgement. There is credible and valuable information contained in those, requested and ordered,

documents; that, will support Plaintiff's claims and shed light on Defendant's knowledgeable violations.

"Where the Court finds that Plaintiff did not in any way contribute to his berated

cornea, nor provoked his assailant in any way, nor encouraged his assailant's actions. But in fact found

his assailant's hostile and vengeful conduct abhorrent, and had demanded that [Thompson] cease his

loud profanities just prior to the incident, then as a matter of law, Plaintiff did not contribute to his

injuries." **Rath v. Commonwealth, 1984 Mass. App. Div. (Mass. Dist. Ct. App. 1984).** "As discussed, the

Supreme Court recently made it clear that the "deliberate indifference" standard requires a showing of

culpability that can not be inferred solely from objective conditions. **Farmer, U.S. at, 114 S. Ct. at 1979-**

**80.** Rather, it can only be found where the Defendant's actually knows of, and yet disregards an

excessive risk to inmate health or safety **Id. at 114 S. Ct. at 1979. Quoting Madrid v. Gomez, 899 F.**

**Supp. 1146 (1995).** According to classification documents (Exhibits 157 and 89) it is clear that

Defendant's "disregarded an excessive risk" when they placed two "active enemy's" in the same

institution; when protocol, and, procedure required that "no inmate is transferred to a facility where an

active conflict exists" (See: Exhibit 121 - Corresspondence From Director Of Security Victor Correia

Regarding "Active Enemy"). See, also, Plaintiff's Memorandum Of Law: In Support Of Motion For

Summary And Declaratory Judgement (pg(s) 34-53.

E.                    As a matter of law, Plaintiff's "Reckless Disregard" argument is not misplaced. In light of all exhibits, depositions (especially of Ms. Martino-Fleming), affidavits, answers to interrogatories, and, video surveillance; along with the Court viewing, in-camera, documents requested in joint status report (See: Dk 92, 92-1 and, 94-1). Along with arguments presented in memorandum Of Law: In Support Of Motion For summary And Declaratory Judgement Pg(s) 72-73. As well as argument(s) presented in plaintiff's Memorandum Of Law: In Opposition To defendant's Motion and Memorandum Of Law For Summary Judgement (Pg(s) 12-13). There is, still, discovery outstanding that presents facts substantiating further "reckless disregard".

F.                    In light of all evidence: exhibits, affidavits, depositions, video surveillance, answers to interrogatories; There is definitely a "foreseeability" issue here. Again, along with the Court viewing, in-camera, documents requested in joint status report (and ordered to be turned over) (See: Dk 92, 92-1, and, 94-1). Along with arguments presented in Memorandum Of Law: In Support Of Summary and Declaratory Judgement Pg(s) 73-74. As well as arguments presented in Plaintiff's Memorandum Of Law: In Opposition to defendant's Motion And Memorandum Of Law For Summary Judgement Pg 9; and 12-13. There is still discovery, pending Court's review; that, presents facts substantiating further "foreseeability".

It is clear that defense has presented no argument to dispute issues of material facts relating to their violation of Constitutional laws; DOC regulations, guidelines, procedures, policy's,

9

or, CMR's. Defense only dispute in their opposition misleading facts that they claim Plaintiff is trying to enforce on them; or, claim they should have done. Plaintiff's entire claim is based on Defendant's failure "To Protect Plaintiff From Sexual And Physical Injuries". That, Plaintiff sustained as a result of Defendant's failure to adhere to Constitutional protections; and, Department Of Corrections Rules, regulations, guidelines, procedures, and, policy's. Defense opposition presents no reasons whatsoever, why, they have failed to comply with Constitutional protections, and, DOC policy's, rules, regulations, guidelines, procedures and CMR"s. Therefore, defense have failed in showing that there are issues in dispute. Entitling Plaintiff to summary judgement as law requires. "Summary Judgement is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law'." **F.R.Civ.P. 56(a); Celotex. Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).** "The moving party can establish an absence of a genuine issue of material fact by (1) presenting evidence that negates an essential element of the non-moving party's case; or, (2) demonstrating that the non-moving party failed to establish an essential element of that party's case." **Celotex, 477 U.S. at 322-323, 106 S.Ct. 2548.**

Date: 11-18-19

Respectfully Submitted,

Edward Jones, Pro-Se

**69 East Main Street**

**Norton, Mass 02766**

**Email: ej4431120@gmail.com**

10

**CERTIFICATE OF SERVICE**

**I hereby certify that this document, mailed to United States District Court, john Joseph Moakley**

**Courthouse, 1 courthouse Way, Boston, Mass 02110. And a copy of this document was mailed, first**

**class postage, to attorney for defendant's at the law office of Legal division, Department of**

**Correction, 70 Franklin Street, Suite 600, Boston, Mass 02110-1300.**

**November 15, 2019**                                         **/s/ Edward Jones**

                                                              *Edward Jones*

                                                              **Edward Jones**