UNITED STATES DISTRICT COURT

DISTRCT OF MASSACHUSETTS

EDWARD JONES,

    PLAINTIFF

v.

LISA MITCHELL, MICHAEL DEVINE AND

JOHN F. CAMELO                          CASE No. 16-CV-11666-LTS

    DEFENDANT'S.

## PLAINTIFF'S MOTION IN OPPOSITION AND TO STRIKE DEFENDANT'S MOTION IN OPPOSITION AND TO STRIKE; PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REFILE STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Now comes the Plaintiff, Edward Jones, pro-se. Pursuant to **F.R.Civ.P.** and rules Of court and moves this Honorable Court to strike and oppose defendant's "Motion In Opposition To Plaintiff's Motion For Leave To Amend And Refile Statement Of Undisputed Material Facts" and "Defendant's Motion To Strike Plaintiff's Statement Of Undisputed Material Facts".

As grounds for this motion, Plaintiff state as follows:

First and foremost, according to the Unites States Supreme Court. The Plaintiff "is entitled to an opportunity to offer proof". **Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).** Such "opportunity" shall not be stricken or disregarded due to a standby counsel being in possession of all discovery; and failure to implement specific numbers to discovery in their possession, after Plaintiff has

pg. 1

forwarded them (standby counsel) an affidavit referencing such discovery. Nor should such "opportunity" be stricken or disregarded due to s standby counsel's refusal to **"provide Mr. Jones [Plaintiff] with legal advice if he so requests or the Court specifically directs"**. (See: Dk. 121; also See: "Plaintiff's Leave Of Court To Amend And Refile statement Of Undisputed Material Facts" – See Dk. 166).

Furthermore, defense is incorrect when they state that, "a pro-se litigant is the equivalent of an appearance by an attorney in a civil case", and that, "pro-se litigants are held to the same standards as practicing members of the bar". If such was the case then the Court would not have appointed standby counsel for Plaintiff in the first place. According to **Haines v. Kerner, 404 U.S. 519 (1972)**, (and other cases), pro-se litigants are held "to less stringent standards than formal pleadings drafted by lawyers". "Pro-se Plaintiff's are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the District Courts to construe pro-se [pleadings] liberally and to apply a more flexible standard determining the sufficiency of a pro-se [pleading] than they would in reviewing a pleading submitted by counsel." **Platsky v. C.I.A, 953 F. 2d 25 (2nd Cir. 1991).** See also: **Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 Led.2d 163 (1980) (per curium); Haines v. Kerner, 404 U.S. 519, 502-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)(per curium);** See also **Elliot v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989) (per curium).** "In order to justify the dismissal of a pro-se complaint, it must be, 'beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." **Haines v. Kerner, 404 U.S. at 521, 92 S.Ct. at 594** (quoting Conley v. Gibson, 355 U.S. 41, 44-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "In light of these principles, we think that the District Court should not have dismissed Plansky's complaint without affording him 'leave to replead'." **<u>Platsky, Supra.</u>**

For the reasons stated above Plaintiff requests that this allows his "leave to amend…" and strike Defendant's opposition to strike plaintiff's leave to amend. According to case law, " Plaintiff's Leave To amend…" shall be freely granted.

Date: 11-30-19

Respectfully Submitted,

Edward Jones, Pro-se

69 East Main Street

Norton, Mass 02766

Email: ej4431120@gmail.com

## CERTIFICATE OF SERVICE

I, Edward Jones, pro-se, Plaintiff in the above entitled action did serve a copy of the forgoing document to attorney for Defendant's Ms. Daryl Glazer, by first class mail: 70 franklin Street, suite 600, Boston, Mass 02110, on November 30, 2019. /s/ Edward Jones.